[No. 19437.  Department Two.  January 21, 1926.]

IRMA BAUMGARTEN KELLNER, *Respondent*, v. OWEN A.
ROWE *et al., Appellants.*[1]

[1] CONTRACTS (125)—RESCISSION—LACHES. The right to rescind
the purchase of a real estate mortgage, for fraudulent representa-
tions as to the security, is waived, where action was not begun
until ten months after discovery of the fraud, and only after
repeated efforts to collect were unavailing and abandoned.

[2] PLEADING (168)—EVIDENCE ADMISSIBLE UNDER PLEADINGS—CON-
FORMITY TO PLEADINGS IN GENERAL. In an action to rescind the
purchase of a real estate mortgage for fraud, an answer plead-
ing ratification after knowledge raises the issue as to waiver
by laches and delay in bringing the suit.

Appeal from a judgment of the superior court for
King county, Smith, J., entered November 10, 1924,
upon findings in favor of plaintiff, in an action for
equitable relief, tried to the court.  Reversed.

*Clay Allen, Charles S. Hills, Chas. C. Curtis,* and
*John P. Gallagher,* for appellants.

*Peters & Powell* and *Gordon Mifflin,* for respondent.

MAIN, J.—This action was brought to cancel and set
aside the assignment of a real estate mortgage which
had been sold by the defendant Owen A. Rowe, who
will be referred to as though he were the only party
defendant, to the plaintiff, and for a return of the con-
sideration paid.  The trial was to the court without a
jury and resulted in a decree as prayed for by the
plaintiff.  From this decree, the defendant appeals.

The facts are these: The appellant was engaged in
the real estate mortgage loan business in the city of
Seattle.  The respondent resided at Manitowoc in the
state of Wisconsin.  In January, 1922, the appellant

[1]Reported in 242 Pac. 353.

had a $1,500 mortgage, securing a note in the same amount, upon approximately two acres of uncleared and unimproved land in the city of Seattle. After some correspondence between the parties, this mortgage and note were sold and transferred to the respondent. Prior to this sale, the appellant had sold to the mother of the respondent, who lived also at the same place in Wisconsin, a number of different mortgages. All the mortgages sold to the mother had been upon improved real estate in the city of Seattle. The respondent in this case believed that she was purchasing a good mortgage upon improved real estate which was free and clear from all other liens and incumbrances. The note and mortgage in question were signed by Samuel Joseph of Seattle, who was the owner of the property.

The transfer of the note and mortgage from appellant to the respondent was made some time during the month of January, 1922, and the consideration was paid therefor through a bank in Seattle. The respondent claims that she was defrauded, in that the appellant sold her a mortgage upon unimproved real estate, and covering property against which there were liens for local improvement assessments and also general taxes. The value of the property covered by the mortgage did not exceed $2,000. The local improvement assessments and the general taxes against it were in excess of $500. At the time of the transaction, of the local improvement assessments, $260 worth was delinquent, and $125 of the general taxes was delinquent. Whether the respondent was defrauded will not be determined, but we will assume that she was.

[1] The question is whether, after having learned that the property was unimproved and that there were liens against it, she elected to rescind with reasonable promptness. She testified that, early in the year 1923, she learned that the property was unimproved. In May

of that year she learned of the local assessments and general taxes. Following this, and early in the summer of the same year, she sent papers to Seattle for the collection of the interest due and unpaid. The first effort at collection was made on June 12, 1923. Thereafter repeated efforts were made to collect the amount then due from Joseph, the maker of the note and mortgage. On September 7 of the same year, a letter was written by her then attorney to the appellant in which the matter was referred to and the suggestion was made that, if Joseph did not pay without further delay, a "suit against you and Joseph to foreclose the mortgage and also against you upon the opinion which you rendered Mrs. Kellner at the time you sold her the note and mortgage," would be begun. After that, nothing further appears to have been done until the present action for rescission was instituted on December 5, 1923.

The rule is that a person who desires to rescind a contract on the ground of fraud is required to act with reasonable promptness. It is impossible, of course, to fix an inflexible rule covering the time within which such election must be made as each case must be governed in this respect to a large extent by its own circumstances. Black on Rescission and Cancellation, vol. 2, § 542; *Sackman v. Campbell*, 15 Wash. 57, 45 Pac. 895. Delay in making an election to rescind is a waiver of the misconduct of the other party, and may be deemed an election to treat the contract as valid and binding. Where the contract relates to land the value of which is largely speculative and subject to sudden changes, the rule of prompt rescission is especially applicable. In *Thomas v. McCue*, 19 Wash. 287, 53 Pac. 161, it was said:

"A court of equity in rescinding a contract proceeds upon the assumption that it can result in no injustice

to place both parties in the position in which they were prior to the making of the contract; and this can only be fairly done, in cases of contracts in relation to land whose value is largely speculative and subject to sudden changes, soon after the contract is entered into. Before a party can justly claim a rescission he must not only show that the opposite party is derelict, but that he himself is without fault, for the law permits no one to take advantage of his own wrong to terminate a contract which he has knowingly and voluntarily made. There is another principle adopted by the courts and which is often a controlling one in cases like the present, and that is, that, where one party to a contract intends to rescind it on account of a breach of it by the other, he must elect to do so speedily on the discovery of such breach. Delay in rescission is evidence of a waiver of the misconduct of the other party and is itself deemed an election to treat the contract as valid and binding.''

In *Blake v. Merritt,* 101 Wash. 56, 171 Pac. 1013, it was held that the purchaser of real estate waived the fraud, where, after knowledge thereof, the vendee made two payments on the contract and paid the taxes and did not commence suit for six months. It was there said:

''The rule is that one who seeks to avoid a contract which he has been induced to enter into by fraudulent representations of another touching the subject-matter of the contract, must proceed with reasonable promptitude upon discovering the fraud, or the right to rescind will be waived.''

In the present case, the action was not brought until approximately ten months after the discovery by the respondent that the property covered by the mortgage was unimproved and six months after she was aware of the local improvement and general tax liens. With this knowledge, through her representative she made repeated efforts to collect. It was not, apparently, until all hope of collecting the interest due at the time from

Joseph was abandoned that the matter of rescission was considered, and under the circumstances of the case and the time which elapsed, we think it must be held that the election to rescind was not made with reasonable promptness.

[2] It is said, however, that this question was not raised in the trial court and therefore is not available to the appellant here. The answer plead a ratification after knowledge and the evidence presented this question. The trial court had an opportunity to pass upon it. The appellant has the right to urge the question upon appeal.

It follows that the judgment must be reversed, and the cause remanded with direction to the superior court to dismiss the action.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.