[No. 20315.  Department Two.  February 18, 1927.]

Bertha Baumgarten, *Respondent,* v. Owen A. Rowe, *Appellant,* Samuel Joseph, *Defendant.*[1]

[1] Contracts (125)—Rescission—Laches.  The right to rescind the purchase of a real estate mortgage, for fraudulent representations as to the security, is waived where action was not begun for more than ten months after discovery of the fraud, and only after repeated efforts to collect were unavailing and abandoned.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 8, 1925, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court.  Reversed.

*Clay Allen,* for appellant.

*Peters & Powell* and *J. Orrin Vining,* for respondent.

Askren, J.—In 1921, plaintiff Baumgarten purchased through the defendant Rowe a mortgage of one thousand and five hundred dollars on two acres of property in Seattle belonging to the defendant Joseph. At that time, and for many years prior thereto, she was a resident of Wisconsin, and unfamiliar with property in Seattle.  In 1913 or 1914, a mortgage transaction had taken place between the plaintiff and defendant Rowe and, when the purchase of the mortgage here in question arose, she relied upon her acquaintance with him for a full disclosure of the facts pertaining thereto.

[1] Reported in 253 Pac. 462.

An interest payment becoming delinquent, an investigation was started by the plaintiff which resulted in the ascertainment of facts which she had no previous knowledge of. Briefly summarized, they are: unpaid general taxes and local improvement assessments in substantial amounts existing at the time of the purchase of the mortgage; the property which was thought by plaintiff to be improved was unimproved acreage, and its value insufficient to make it reasonably worth an amount justifying a mortgage of one thousand five hundred dollars.

[1] Correspondence between the parties led to the placing of the matter in the hands of an attorney in Wisconsin. In June, 1924, the plaintiff took a deed to the property to save the costs of foreclosure. In February, 1925, she tendered back to Joseph a deed to the property, which was refused. In May, 1925, this action was commenced against both defendants, the court rendering judgment against Rowe in the sum of one thousand five hundred dollars, with interest and costs, with the provision that upon such payment the property should be transferred to him. Rowe thereupon appealed.

At the outset, it is urged by appellant that the case is controlled by our decision in *Kellner v. Rowe,* 137 Wash. 418, 242 Pac. 353. That was an action by a daughter of respondent against the same appellant on a mortgage in the sum of one thousand five hundred dollars on another two-acre tract of the same land on which existed the mortgage given to respondent. The two mortgages were purchased within approximately sixty days of each other, the purchase by respondent being made first.

In the *Kellner* case, recovery was denied upon the ground that the plaintiff there had not elected to rescind with reasonable promptness after knowledge of

the facts which she claimed showed she was defrauded.

The cases are almost identical as to the facts showing laches, with the exception that the action was not started in this case within as short a period of time as in the *Kellner* case.

Respondent frankly concedes that, unless we overrule the decision in that case, the judgment entered herein must be reversed. In justice to the trial court it must be said that, at the time of the trial of this action, our decision in *Kellner v. Rowe, supra,* had not been handed down.

We are not disposed to depart from the holding in the *Kellner* case, and since it is decisive of this one, the judgment is reversed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.