[No. 24087. Department Two. January 19, 1933.]

JOSEPH J. MILLER, *Respondent*, v. ROY I. FREDERICK et al., *Appellants.*[1]

*Bonsted & Nichoson,* for appellants.

*Snively & Bounds, Robert J. Willis,* and *Howard O. Durk,* for respondent.

[1]Reported in 18 P. (2d) 40.

MAIN, J.—This action was brought to recover damages for fraud. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of five thousand dollars. The defendants moved for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which motions were overruled. Judgment was entered upon the verdict, from which the defendants appeal.

The facts are these: The Roy I. Frederick Company is a corporation organized under the laws of this state, with its principal place of business in the city of Tacoma. The capital stock of the corporation was substantially all owned by Roy I. Frederick and Lila Frederick, his wife, who were, respectively, president and secretary thereof. The United Hotels, Inc., is a corporation organized under the laws of this state, and owned a lease for the hotel Washington in the city of Yakima, and the furniture and fixtures therein. The capital stock of this corporation was owned by the Roy I. Frederick Company. The manager of the hotel was one F. S. Platt.

After negotiations extending over several weeks, and on November 5, 1930, the Roy I. Frederick Company and the respondent Joseph J. Miller entered into what is called an exchange agreement, by which the lease, fixtures and furniture of the hotel were transferred to Miller, and he, in exchange, transferred to the Frederick company certain property which he owned in the city of Seattle and in the city of Kelso. By the terms of this agreement, Miller was to go into possession of the hotel November 16, 1930. A few days before this date, it was suggested to Miller by Frederick, for reasons which it is not here material to state, that, instead of exchanging the lease, fixtures and furniture for the property of Miller, a certificate for one-half of the capital stock of the United Hotels be transferred

to him; and this was done, Platt acquiring the other half. Miller went into possession of the hotel on November 16, and after ten days or two weeks there were certain negotiations between the parties with reference to revoking the transaction; but this was not accomplished.

Miller remained in the management of the hotel until about February 1, 1931, when, he says, Platt locked his room and placed his baggage in the office, and he had no further connection therewith. Before entering into the exchange agreement, Miller had visited the hotel on two or three occasions, and on the second visit, it may be admitted, he had an opportunity to examine the books thereof, which were a cash book and what is called a check register. No ledger was kept. After Miller was put out of the hotel, he brought this action for the purpose above indicated.

In his complaint, he charged fraudulent representations in a number of respects, one of which that it was represented to him by both Frederick and Platt that the net profits of the hotel averaged one thousand dollars a month, or more. Upon the trial, Miller testified, unequivocally, that both Frederick and Platt had made this representation, and they, just as unequivocally, denied the same. Whether any of the other fraudulent representations charged were sustained by the evidence, we shall not here inquire.

The argument of the appellants upon the appeal is directed to the question as to whether there was sufficient evidence to take the case to the jury. A false representation as to the net income would be actionable. *Boehme v. Broadway Theater Co.*, 91 Wash. 104, 157 Pac. 218; *Hahn v. Brickell*, 131 Wash. 212, 229 Pac. 739.

This rule does not appear to be disputed by the appellants, but they say that the property was at hand

and that Miller had an opportunity to examine the books of the company and ascertain the income, expenses and profits, and therefore he had no right to rely upon any representation made to him by either Platt or Frederick as to the net income of the hotel.

The rule that a person who is voluntarily blind as to facts concerning which false representations are made cannot complain of the same, only applies where the parties have equal present opportunity and means to ascertain the truth at the time of the transaction, and does not apply merely because it is possible to ascertain the facts. *Duffy v. Blake,* 80 Wash. 643, 141 Pac. 1149; *Boehme v. Broadway Theater Co.,* 91 Wash. 104, 157 Pac. 218. It is true in this case that, on Miller's second visit to the hotel, before he entered into the exchange agreement, he had an opportunity to examine the books thereof; but whether it was necessary for him to do this, we shall not here inquire, because, had he made such examination, the books would not have disclosed the true financial condition of the hotel. There were a number of unpaid obligations of the hotel, two of which were for laundry and coal, which amounted to a very substantial sum and were evidenced by promissory notes which had been given sometime before. The books, had Miller made an examination thereof, would not have disclosed these obligations.

The rule relied upon by the appellants, to the effect that, where the means of knowledge are at hand and equally available to both parties, and the subject of the purchase is alike open to inspection, and the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations, is not applicable to the facts in this case. Whether Fred-

erick and Platt made the representations which Miller says they did, was a question for the jury.

There is some mention made that, prior to the transaction, Miller had inquired of a prior owner of the hotel with reference to its income. But without reviewing this testimony, it was not sufficient to take the case out of the controlling rule above stated. That owner had not had any connection with the hotel for a period of about three years before the transaction about which we are here concerned occurred.

It is also suggested that, December 1, 1930, after there had been some discussion between the parties, Miller signed a statement that he had then been in charge of the hotel for a period of fifteen days, had checked over the books, and was satisfied with the deal. The body of this statement was not in Miller's handwriting, though he admitted his signature, but denied any knowledge of what was stated in the body thereof. As a matter of law, we cannot say that this writing should defeat a recovery by Miller.

The judgment will be affirmed.

BEALS, C. J., STEINERT, and TOLMAN, JJ., concur.