[No. 30998. Department One. February 2, 1950.]

E. E. MARION, *Appellant*, v. GRAND COULEE DAM HOTEL
*et al.*, *Respondents*.[1]

*Hamblen, Gilbert & Brooke*, for appellant.

*Moe & Huse*, for respondents.

[1]Reported in 214 P. (2d) 204.

DONWORTH, J.—This is an action to recover damages because of alleged misrepresentations of the defendants in inducing the plaintiff to establish a dental office in Grand Coulee, Washington, and to lease office space from defendant corporation. A demurrer to plaintiff's amended complaint was sustained and plaintiff having elected to stand upon that pleading, the trial court entered judgment of dismissal of the action from which plaintiff appealed.

The allegations of the complaint are in substance as follows: Respondent Grand Coulee Dam Hotel Co. is a Washington corporation and respondent Fred M. Weil is the president thereof. Appellant is a licensed dentist in the state of Washington and, except for the period at Grand Coulee, was engaged in the practice of dentistry in the city of Spokane.

About the first day of February, 1947, respondent Weil represented to appellant that there were eighteen thousand people residing within an area of five miles of Grand Coulee and that there was an excellent opening for a dentist there. About the twentieth day of the same month, respondent Weil further represented to appellant that the only dentist practicing in the area referred to had been killed in an automobile accident.

These representations were false, and in truth and in fact there were not in excess of seven thousand five hundred people within a radius of five miles of Grand Coulee and there were two other dentists engaged in the practice of dentistry within said area. Respondent Weil knew the representations to be false and that they were made for the purpose of inducing appellant to lease office space from the respondent corporation. Appellant did not know of the falsity of these representations and, relying on the truth thereof, entered into a one-year lease with the respondent corporation dated March 4, 1947, covering certain space in its hotel building. By the terms of this lease appellant agreed to pay a monthly rental of $216.67 and had the privilege of renewing the lease for an additional four years. Upon execution of the lease, appellant paid to the respond-

ent two months rent. In further reliance upon these representations appellant, about March 4, 1947, purchased dental equipment at a cost of three thousand dollars and resigned his employment as a dentist in Spokane for which he was receiving seven thousand five hundred dollars annually. Had it not been for such representations and the appellant's reliance thereon, appellant would not have resigned his position in Spokane and entered into the lease and opened up a dental office at Grand Coulee.

Prior to 1947 the appellant had lived and practiced dentistry in Spokane for a period of six years and was not familiar with Grand Coulee, and knew no person in Grand Coulee other than respondent Weil. Although it was extremely difficult for appellant to leave his employment in Spokane, he visited Grand Coulee between February 1, 1947, and March 4, 1947, which is a distance of some one hundred miles from Spokane, for the purpose of investigating the desirability of establishing a dental office there, and he did not learn of any facts which would indicate that the representations made by respondent Weil were false.

When the falsity of the representations was discovered by appellant about April 20, 1947, he informed respondent Weil and refused to pay further rental under the terms of the lease.

If the representations had been true, appellant would have made a net profit of fifteen thousand dollars a year during the five-year life of the lease, whereas the office was operated by appellant for the months of April, May, June and July, 1947, at a loss of two thousand dollars. The dental equipment which was purchased by him for three thousand dollars is worth now only five hundred dollars. Appellant prayed for judgment against the respondents in the sum of thirty-seven thousand five hundred dollars.

■■ In considering the effect of a pleading to which a demurrer has been interposed, it is the approved rule that its allegations must be liberally construed in favor of the pleader. The demurrer admits the truth of the facts well pleaded, including every legitimate inference deduced

therefrom, but does not admit the truth of the inference of facts alleged, unless those facts are sufficient to justify the inference. *McGillivary v. Montgomery Ward & Co.*, 19 Wn. (2d) 582, 143 P. (2d) 550.

The single question for our decision is whether the complaint states a cause of action for fraud.

In *Webster v. L. Romano Engineering Corp.*, 178 Wash. 118, 34 P. (2d) 428, we set out the essential elements of fraud in the following language:

"But what is fraud? This court has been reluctant to circumscribe it by definition. *Knutsen v. Alitak Fish Co.*, 176 Wash. 169, 28 P. (2d) 334; *American Savings Bank & Trust Co. v. Bremerton Gas Co.*, 99 Wash. 18, 168 Pac. 775. We have, however, along with all other courts, recognized certain essential elements that enter into its composition. These are: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage."

Appellant contends that the facts set out in the complaint show clearly that all of the elements listed above are present. Respondents maintain that the complaint is defective in two particulars: (1) that there is no showing that appellant had the right to rely upon the truth of their representations, or (2) that there is no showing that their representations were material. Respondent further contends that the complaint states no cause of action for damages as the damages alleged are entirely speculative, uncertain and remote, and are completely devoid of any basis upon which damages could be assessed or recovered.

In *Forsyth v. Davis*, 152 Wash. 595, 278 Pac. 676, we made these observations:

"That testimony must be 'clear, cogent and convincing,' in order to support a judgment as for fraudulent misrepresentations, is well settled. It is also true, as was stated by this court in *Wilson v. Mills*, 91 Wash. 71, 157 Pac. 467, a

case based upon alleged fraudulent misrepresentations, that '. . . every case of this character must rest upon its own facts, subject to certain general principles.' This being true, it is seldom that opinions in cases previously decided are of more than general assistance in determining whether or not the facts in a particular case do or do not support a judgment for damages based upon alleged fraudulent misrepresentations."

Both appellant and respondents have cited a number of our decisions as supporting their respective views as to whether, under the facts alleged in the complaint, there was justifiable reliance by appellant upon respondents' alleged representations. We have examined these decisions and will first refer to those relied upon by appellant.

In the following cases, cited in appellant's brief, this court held the purchaser had a right to rely on the representations of the seller because the means of knowledge were not as open to the purchaser as to the seller:

*Gilluly v. Hosford,* 45 Wash. 594, 88 Pac. 1027 (representations as to dividends yielded by stock in a laundry company);

*Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102 (representations relating to amount of acreage and susceptibility to irrigation);

*Crawford v. Armacost,* 85 Wash. 622, 149 Pac. 31 (representations as to amount of assessments on city lots);

*Eyers v. Burbank Co.,* 97 Wash. 220, 166 Pac. 656 (representation that land was seeded to alfalfa and producing certain tonnage);

*Warwick v. Corbett,* 106 Wash. 554, 180 Pac. 928 (representations as to earning capacity of a feed mill);

*Jones v. Elliott,* 111 Wash. 138, 189 Pac. 1007 (representations as to value of mortgaged land and financial responsibility of maker of notes secured thereby);

*Connell v. McGill,* 124 Wash. 350, 214 Pac. 1 (representation that certain lots faced on a public street);

*Bickford v. Uthe,* 134 Wash. 636, 236 Pac. 276 (representations regarding character of orchard and soil composition);

*Shrader v. Slocum,* 163 Wash. 178, 300 Pac. 524 (representations as to quality and productiveness of agricultural land);

*Miller v. Frederick,* 171 Wash. 452, 18 P. (2d) 40 (representations as to net profits of a hotel business);

*Jones v. McQuesten,* 172 Wash. 480, 20 P. (2d) 838 (representation as to carrying strength of building);

*Gray v. Wikstrom Motors,* 14 Wn. (2d) 448, 128 P. (2d) 490 (representation as to retail price of an automobile).

In several of the above-cited cases, the purchaser made at least a partial investigation as to the truth of the representations and was held not to have waived his right to rely on the seller's statements. For example, in *Jones v. Elliott, supra,* we stated that it could not be held under the facts of that case that the purchaser should have mistrusted the truth of the seller's statements. The pertinent language of the decision follows:

"The respondent, prior to consenting to the exchange, made inquiries from other parties concerning the value of the land, and from this fact the appellants argue that she cannot now be heard to say that she relied in making the exchange upon their representations. But this fact is not conclusive of the question. While the information she received was not as favorable as the representations she testified the appellants made, still it was not of such a nature that the court can say, as matter of law, she should have mistrusted the truth of the appellants' representations. The inquiries, moreover, related to the value of the land; she made no inquiry concerning the financial responsibility of the persons obligated on the note.

"It is not the rule that inquiry from other sources alone will preclude reliance on the representations of the vendor. To work such an end, the information gained must have been such as to lead a reasonably prudent person to believe that the vendor's representations were false."

Do the allegations of appellant's complaint bring him within the *rationale* of the cases cited by him? In order to answer this question we must analyze the allegations of the complaint bearing on his right to rely upon respondents' representations. These allegations show that between Feb-

ruary 1, 1947, and March 4, 1947, appellant, an experienced dentist, visited Grand Coulee (the number of visits or their duration not being specified) for the specific purpose of investigating the desirability of establishing a dental office in that town. It does not appear from the allegations of the complaint that the facts regarding the number of dentists in the area and the population thereof were peculiarly within the respondents' knowledge or means of knowledge or that the opportunity and means of discovering the true facts by investigation were unavailable to appellant. Nor is there any allegation from which we can infer that during the period of inspection appellant did not have an equal present opportunity and means to ascertain the truth or falsity of the representations.

Furthermore, there is no allegation that appellant's opportunity to make as full an investigation of the facts as he desired was in any way restricted by respondents, nor that either of them did or said anything to deter him in making such an investigation. Hence, we must infer that he did or could have made a complete investigation at Grand Coulee between February 1, and March 4, 1947.

After careful consideration of the allegations of the complaint and every legitimate inference therefrom we are constrained to hold that no cause of action is stated. This case, in our opinion, is governed by our decisions in *Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B, 1069, and *Sims v. Robison,* 142 Wash. 555, 253 Pac. 788. In the *Stewart* case, in speaking of the rule applicable here, this court said:

"It has always been the law that where the parties deal as strangers and the means of knowledge are equally available and the lands subject to the inspection of the purchaser, and he avails himself of the opportunity of inspection afforded him, he cannot be heard to say that he has been deceived, even though the truth has been withheld from him or the facts misrepresented, as the true facts are as available to him and as much within his knowledge as that of the one with whom he deals. [Citing cases.]

"Appellants contend their judgment is well founded upon the rule announced in *Wooddy v. Benton Water Co.,* 54

Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, and other like cases, where it has been held that the tendency of modern cases is to restrict, rather than to extend, the doctrine of *caveat emptor,* and that the unmistakable drift is towards the doctrine that wrongdoers cannot shield themselves from liability by asking the law to condemn the credulity of their victims and give them an unbridled license to lie and deceive. No better illustrations of this modern tendency can be found than in the decisions of this court for the past few years; but it will be found that, in all of these late cases, there was a false assertion of an existing fact the truth of which was peculiarly within the knowledge of the vendor, or means of knowledge; or the property was at a distance and the opportunity of ascertaining the true facts not readily ascertainable; or the misrepresentation was made for the purpose of inducing the other party not to make an investigation and ascertain the true facts; or the vendor knew that the vendee did not intend to make a personal investigation but relied absolutely on the truth of the facts communicated to him. It was not intended, in any of these cases where the decision has been based upon some one of the above facts, to attempt to depart from the rule here first asserted."

We again referred to this rule in the *Sims* case, *supra,* using the following language:

"The case must be decided, in our opinion, against the respondents upon the principle announced in *MacKay v. Peterson,* 122 Wash. 550, 211 Pac. 716, and similar earlier cases cited in the opinion in that case. That case states the rule in the form of a question, as follows:

" 'Having actually gone upon the land for the purpose of inspection, and having had every opportunity to satisfy himself as to the facts in any way he might choose, there being nothing said or done to deter him, may he now be heard to say that he relied upon the alleged misrepresentations of the seller?'

"The decision was against him.

"To the same effect is the case of *Farrar v. Churchill,* 135 U. S. 609, where the court said:

" 'Fraud is never presumed; and where it is alleged the facts sustaining it must be clearly made out. The representation must be in regard to a material fact, must be false and must be acted upon by the other party in ignorance of its falsity and with a reasonable belief that it was

true. It must be the very ground on which the transaction took place, although it is not necessary that it should have been the sole cause, if it were proximate, immediate and material. If the purchaser investigates for himself and nothing is done to prevent his investigation from being as full as he chooses, he cannot say that he relied on the vendor's representations. *Southern Development Company v. Silva,* 125 U. S. 247.'

"True, there are cases, some of which are cited on behalf of the respondents, to the effect that a vendee may rely upon representations of the vendor, as respondent Sims says he did in this case, notwithstanding some investigation by or opportunity on the part of the vendee to ascertain the truth himself. But it will be found they are cases where the facts were peculiarly within the knowledge or means of knowledge of the vendor or his agent or for any reason the falsity of the representations were not readily ascertainable by the vendee. But this is not that kind of a case. Here the vendee was an experienced farmer. He was buying a western Washington farm. He had a good knowledge of farming in western Washington. He examined the place. It was all open to him and its condition in all respects readily and reasonably ascertainable by him. Here the purchaser, a man of experience in the business about which he was engaged had the ability, means and opportunity to find out the truth about the matter. He made use of the opportunity and upon suggestion of the vendor made an independent examination of the property without hindrance as to the extent of the examination, and also made inquiries about it of a disinterested person operating the adjoining farm. He resorted to the proper means of verification before he entered into the contract, thus excluding the notion of reliance on the representations made to him."

 The cases above cited are in accord with the general rule applicable to the facts here alleged. This rule is stated in 23 Am. Jur. 946, § 144, which reads:

"A doctrine which has been stated to be the better and more reasonable doctrine, the one consistent with the fundamental rules of the law of fraud and supported by the majority of well-considered cases, is this: The representee will not be prevented from availing himself of false representations unless he makes an investigation on his own account, and it is of such character as to acquaint him fully with the essential facts. If the representee makes an inves-

tigation, however, that is free and unhampered, and conditions are such that he must obtain the information he desires, or if the facts he seeks to know are as obvious to him as to the seller, and their means of knowledge are equal, he is presumed to rely on his own investigation, and not on the representation. In such case, he cannot be misled by the representor."

The conclusion which we have reached makes it unnecessary for us to determine whether the alleged misrepresentations are material or whether there is any legal basis upon which damages alleged could be recovered.

The judgment of the trial court dismissing appellant's action with prejudice will stand affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.