[No. 31462. Department One. March 15, 1951.]

T. S. MICHAELSON, *Appellant,* v. STEPHEN D. HOPKINS *et al.,* *Respondents.*[1]

[1]Reported in 228 P. (2d) 759.

*Merle D. Cohn,* for appellant.

*Solie M. Ringold,* for respondents.

HILL, J.—This is an action to recover damages for fraud, and the versions of the parties as to what occurred appears in the *per curiam* opinion filed November 24, 1950, 37 Wn. (2d) 453, 224 P. (2d) 350. We at that time remanded the case for more specific findings, and the trial court, *inter alia,* made the following:

"That in August, 1946, the defendant [respondent] severed his connection with the company and resigned his position as treasurer; that upon leaving the company he was desirous of disposing of his stock; that on or about the 15th day of August, 1946, the defendant contacted the plaintiff [appellant] by phone and went by taxi to Fort Lawton to see the plaintiff; that he offered the plaintiff his 1000 shares of stock in the Jensvold Manufacturing Company at a price of $2.00 per share; that the plaintiff asked the defendant is the stock was worth the price and the defendant answered 'the stock is worth more than $2.00 per share'; that the defendant made no other representations or statements concerning the stock or the condition of the company. . . .

"That as of the date of said sale the financial condition of the company was not good and its shares of stock were not worth $2.00 per share; that in fact said shares of stock were not worth more than $1.00 per share. . . .

"It is the opinion of the court that the plaintiff, in purchasing the stock, acted upon his desire to invest in an enterprise under Schmidt management, rather than upon the defendant's statement regarding the value of the stock."

Whether or not actionable fraud can be predicated on such a representation as to the value of corporate stock when made by the recently resigned treasurer of the corporation presents a close question and a sharp division of authority. However, a determination of that question is not necessary, since all authorities agree that one of the elements which a plaintiff in such a case must establish is that he relied upon the truth of the representation made. We cite only a few of our more recent decisions on the elements of fraud. *Marion v. Grand Coulee Dam Hotel,* 35 Wn. (2d)

589, 592, 214 P. (2d) 204; *Salter v. Heiser,* 36 Wn. (2d) 536, 219 P. (2d) 574; *People's Nat. Bank of Washington v. Brown,* 37 Wn. (2d) 49, 221 P. (2d) 530.

■ Also, it is axiomatic that fraud must be established by evidence that is clear, cogent, and convincing. *Ramsey v. Mading,* 36 Wn. (2d) 303, 217 P. (2d) 1041; *Elliott v. Fischer,* 36 Wn. (2d) 774, 220 P. (2d) 338.

The testimony of appellant is that he did rely upon the representations made. In most fraud cases, there are facts and circumstances other than the statement of the plaintiff which have a bearing on a determination of whether the plaintiff relied upon the representations of the defendant; but in the present case it is a purely subjective matter, dependent entirely upon the appellant's veracity, and it is very evident that the trier of the facts was not convinced that appellant relied upon the truth of the representations made. Instead of the finding of reliance essential to a recovery by the appellant, the trial court said:

"It is the opinion of the court that the plaintiff, in purchasing the stock, acted upon his desire to invest in an enterprise under Schmidt management, rather than upon the defendant's statement regarding the value of the stock."

Appellant, realizing that this represents a fatal hiatus in his case, argues strenuously that "it is not a finding of fact but merely a statement of the opinion of the trial judge which is contrary to the evidence presented."

■ Conceding that it is not a finding of fact but a statement of the opinion of the trial judge, who had the appellant before him and was better able to evaluate his testimony than are we, so long as he (or any trier of the facts) remains of that opinion, the appellant must have failed to prove one of the elements of fraud.

The appellant having failed to establish one of the essential elements of actionable fraud, the judgment of dismissal is affirmed.

SCHWELLENBACH, C. J., BEALS, HAMLEY, and DONWORTH, JJ., concur.