[No. 31774.   Department Two.   November 2, 1951.]

ANGELINE DRAGOS, *Appellant,* v. ANTONE E. PLESE
*et al., Respondents.*[1]

*Robertson & Smith, E. A. Cornelius,* and *Gordon E. Cornelius,* for appellant.

*Thomas F. Curran* (of *Hennessey & Curran*), for respondents.

OLSON, J.—This action was brought by the buyer of a restaurant and tavern business in Spokane to rescind the purchase on the ground of fraud. Rescission was denied, and judgment was entered on the cross-complaint, forfeiting the payments made on the contract and restoring the premises to the sellers.

The respondent vendors had operated the business a short time when, on June 28, 1948, they listed it for sale with

[1]Reported in 236 P. (2d) 1037.

a real-estate firm. Respondent wife, who managed the restaurant, signed the listing, in which definite statements were made regarding its average net monthly income, average gross daily receipts, and the condition of its equipment.

Early in July, a saleslady for the real-estate agency endeavored to sell the establishment to appellant, a woman of business experience. She looked at respondents' property, and was given the listed information by the saleslady. Until September, while the purchase of some other property which appellant preferred was pending, no progress was made on this sale. When she could not complete her other transaction, appellant inquired whether or not respondents' business was still available for purchase. Upon learning that it was, she decided to buy it.

The terms of the purchase were agreed upon and expressed in a memorandum signed by the parties September 2, 1948. It was intended that appellant take possession of the restaurant at once, but, because of the time required to transfer the liquor license, the signing of the formal contract was delayed and she did not start to operate it until September 20, 1948.

On October 3, 1948, appellant sent the keys to the restaurant to respondents by a taxi driver, with a note indicating that she had vacated the premises. After it became apparent to respondents that she intended to seek rescission of the contract, they served a notice of its forfeiture and termination upon her, and re-entered the property on October 7, 1948.

The appellant's contentions which are in dispute are (1) that the statements made to her regarding the business were not true, and (2) that she relied upon them in making the purchase. The burden is upon her to establish both of these facts by evidence which is clear, cogent, and convincing. Each of them is an essential element of fraud, and she must prove each before she can recover. Of the numerous cases stating these rules, we cite one of the most recent, *Michaelson v. Hopkins,* 38 Wn. (2d) 256, 228 P. (2d) 759 (1951).

Appellant failed to sustain this burden to the satisfaction of the trial court, and now assigns as error the court's findings of fact adverse to her contentions.

■  It is an established proposition that, in a "fact suit" such as this is, we are inclined to accept the decision of the trial judge upon issues involving the veracity of witnesses.

■  Considering one of the essentials of her case, we are in doubt that appellant relied upon any representation made to her. There is a conflict in the testimony as to whether or not she said that she was not concerned about the volume of the business as it was operated by the respondents, because of her plans to conduct it differently. This is but one of many examples of disputed testimony that could be given, the consideration of which does not bring us to a conclusion different from that of the trial court. Nor does consideration of all of the circumstances surrounding the transaction, disclosed by the evidence, lend that credence to appellant's contention which it should, if she is to prevail. The burden was upon her to produce convincing evidence. This she did not do upon this factual issue.

The failure of proof on one of the essential elements of her case being fatal to appellant's recovery, it is not necessary for us to consider the other.

The judgment is affirmed.

HILL, HAMLEY, FINLEY, and WEAVER, JJ., concur.