[No. 32330. Department Two.   September 11, 1953.]

BILL CORBETT *et al., Respondents,* v. THEODORE J. TICKTIN *et al., Appellants.*[1]

*Elliott, Lee & Thomas,* for appellants.

*Rummens, Griffin & Short, Paul R. Cressman,* and *Carkeek, Harris & Harris,* for respondents.

[1]Reported in 260 P. (2d) 895.

DONWORTH, J.—This appeal is from a judgment and decree entered as a result of the trial of three consolidated actions arising out of an exchange of certain hotel properties.

Plaintiffs at different times instituted three actions against defendants. In the first suit, recovery was sought upon a check for $41,000 and in the second upon a check for $3,618.20, upon which defendants had stopped payment. Defendants answered admitting execution and delivery of the checks but set up certain affirmative defenses in which they alleged that the refusal of plaintiffs to deliver certain personal property in accordance with their agreement constituted failure of consideration which justified the stop payment orders. Defendants further cross-complained for damages allegedly resulting from certain fraudulent misrepresentations made by plaintiffs concerning the physical condition and income of the hotel which they had agreed to purchase. The prayer sought judgment on the cross-complaint in the amount of $547,287.61.

In the third suit, plaintiffs alleged mutual mistake in the terms of the contract of sale, fraudulent misrepresentations by defendants concerning the condition of their hotel, and failure of consideration. Plaintiffs prayed for a total recovery of $436,871.22 in this suit.

Defendants' answer admitted the exchange of the real and personal property described in the complaint and put all other material matters in issue by appropriate denials.

These consolidated actions were tried before the court sitting without a jury. The trial consumed approximately eleven days. The testimony was in direct conflict upon the principal issues. More than sixty exhibits, consisting largely of written agreements, accounting data, inventories, prospectuses, correspondence, and similar documents, were admitted in evidence. At the conclusion of the trial, the court orally announced its decision that no fraud had been proven. The decision as to other incidental matters was generally favorable to plaintiffs' contentions.

Thereafter, defendants' alternative motions for modification of the decision or for a new trial were denied and find-

ings of fact, conclusions of law, and a judgment and decree were entered. From this judgment and decree, defendants have appealed.

For convenience, we shall refer to the defendant husband as appellant and to the plaintiff husband as respondent.

Briefly stated, the situation of the parties at the time they were negotiating for and actually consummated the exchange of hotels was substantially as follows:

Respondent owned and operated the Claremont hotel in Seattle and also the Corbett Motel located on the Seattle-Tacoma highway, each being subject to a mortgage. Appellant was the owner of the Hermosa Biltmore hotel at Hermosa Beach, California, which was also subject to a mortgage.

Both parties were experienced in the buying and selling of equities in hotel and apartment hotel properties. Each party visited and inspected the hotel belonging to the other, and after various negotiations they executed an agreement whereby respondent agreed to sell and appellant to buy the Claremont hotel for $1,150,000, payable as follows:

$100,000 in cash.
$151,500 by conveyance of appellant's equity in the Hermosa Biltmore hotel.
$898,500 payable in monthly installments of $1,870 plus four per cent interest on deferred balances.

Appellant also agreed to purchase the Corbett Motel, subject to a mortgage of "approximately" $51,500, for $41,500. This item is the subject of a controversy as to the mutual mistake involved in the third of the consolidated suits.

In addition to the real-estate transactions involved in this case, bills of sale were executed covering the personal property situated in the respective properties such as furniture, furnishings, equipment, and other operating items. Each purchaser was to account to the other party for existing accounts receivable as collected by him.

There was considerable controversy at the trial as to the right of respondent to remove certain linens and other operating supplies from the Claremont hotel for use in the Hermosa Biltmore and other hotels operated by him. A similar

issue was submitted to the court concerning appellant's accounting for certain items which respondent claimed were removed from the Hermosa Biltmore when he took over. The court settled the accounting as to these items in the judgment which was entered.

Appellant's first twelve assignments of error are directed to certain findings of fact made by the trial judge. Each of the assignments is similar to the others in that the particular findings challenged are referred to only by number. For example:

"The trial court erred in:
"1.  Making Findings of Fact IV and VI.
"2.  Making Finding of Fact IX."

Respondent questions the sufficiency of these assignments of error in view of Rule on Appeal 43 (34A Wn. (2d) 47) as it read prior to the latest amendment, effective January 2, 1953. When the appeal in this case was perfected, the applicable portion of Rule 43 provided:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, appellant must point out by number and description the finding of fact upon which he predicates error, otherwise the findings will be accepted as the established facts in the case."

Rule 43, as applicable to this case, thus required appellant in his assignments of error to point out by number *and description* the findings of fact upon which he predicated error. In *Cugini v. McPhail,* 41 Wn. (2d) 804, 252 P. (2d) 290, the assignments of error also referred to the challenged findings of fact by number only. We held that such a reference was not a compliance with Rule 43 unless elsewhere in appellant's opening brief there was a sufficient description of the findings upon which error was predicated. In that case, it was said:

"It is at once apparent that the assignments of error relating to the trial court's fact findings are pointed out by 'number'; the question remains as to whether they meet the

second requirement of Rule 43, *supra,* and are also pointed out by 'description.'

"We have said that the purpose of Rule 43 is two-fold: first, to assist this court in determining the specific grounds upon which the appellant relies; and second, to inform the respondent likewise, so that he 'may direct his arguments accordingly and not have to explore anticipatory fields.' *Hill v. Tacoma,* 40 Wn. (2d) 718, 246 P. (2d) 458. We are fully aware that, in some cases, substantial rights may be denied because of failure to comply with the technical rules on appeal. However, Rule 43 is a simple rule; it is easy to comply with, and it is reasonable. As we said in *Hill v. Tacoma, supra,* at p. 720:

" 'We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure.'

"With reference to the first assignment of error, appellants merely refer to error in the 'Entry of Finding of Fact No. III.' No portion of the finding is set forth in this section of the brief. However, elsewhere in their brief, under the section headed, 'Argument of Appellants,' appellants do set forth the following portion of the fact finding referred to:

" ' . . . the negligence of defendants consisting of building a fire that was too large, considering the terrain and the weather conditions, in failing to take the precautions called for by a rising wind, and in failing to maintain a sufficient guard around the fire to prevent it from spreading.'

"This quotation from the fact findings is clearly a sufficient 'description' to meet the requirements of Rule 43, hence, we will review the evidence on which the finding is based. The rule does not require that the necessary 'description' should appear in the initial listing of 'assignments of error,' although, logically, this would be the better practice. . . .

"Effective as to appeals filed after January 2, 1953, Rule 43 has been amended to require that challenged portions of findings be set out verbatim in the appellate briefs. As of the present date, if we can find an explanation or description anywhere in appellants' opening brief which sufficiently apprises both this court and the respondents of the substance of the finding, or portion thereof to which error is assigned, without the necessity of resorting to the transcript, then there has been a sufficient compliance with Rule 43."

Applying this interpretation of Rule 43 to the present case, we hold that assignments of error Nos. 1, 8, 9, and 10

are insufficient to challenge findings of fact IV, VI, XXII, XXV, and XXVI. Consequently, these five findings must be considered as stating the established facts of the case. *Pederson v. Pederson*, 41 Wn. (2d) 368, 249 P. (2d) 385.

Assignments of error Nos. 2 to 6, inclusive, relate to findings IX, X, XI, XII, and XIV. While these findings are referred to in the assignments by number only, appellant in his brief under the heading "Argument" states:

"This argument deals with the courts findings IX-XIV (Tr. 32-34) and conclusion of law No. III, wherein the trial court found that on May 4, 1951, Corbett and Ticktin agreed that an equity in the sum of $41,500.00 on the purchase price of the Corbett Motel was to be added to Exhibit 10, but due to oversight and mistake, said Exhibit 10 'was not so amended,' and the court concluded (Tr. 39-40) that Exhibit 10 should be reformed so as to add said sum to the unpaid balance under said contract, and entered judgment accordingly (Tr. 43).

"These findings and conclusions we believe are not borne out by the evidence but are in fact contradictory of the testimony."

Following *Cugini v. McPhail, supra,* we hold that the foregoing statement is a sufficient explanation or description of these findings to comply with Rule 43. Hence, later in this opinion we will determine whether the evidence preponderates against these five findings.

Findings XI, XXXI, and XXXII are either sufficiently described to comply with the rule or are quoted in full in appellant's brief.

This makes a total of eight findings of fact which will be examined on this appeal. The five findings which were not adequately described and the remaining twenty-one findings to which no assignments of error were directed, will be accepted as established facts in the case.

Turning to the merits, appellant's first major proposition raised by the assignments of error is that the trial court erred in failing to find that the transaction in question was procured by fraud on the part of respondent.

We have repeatedly held that the burden is upon the person who alleges fraud to establish it by evidence that

is clear, cogent, and convincing. *Cerkonek v. Dibble,* 42 Wn. (2d) 451, 256 P. (2d) 488, and cases cited.

The testimony and the exhibits bearing on respondent's alleged fraudulent misrepresentations as to the net income derived from the Claremont hotel are voluminous and in irreconcilable conflict. Appellant complains of finding of fact No. XXXI, wherein the trial court found that respondent made no representations to appellant as to what the net income of the Claremont hotel had been, and that a certain prospectus upon which appellant claims to have relied was prepared by a Seattle real-estate firm and had never been seen by respondent, who was unaware of its existence until after issue was joined.

Finding XXXII found, in substance, that appellant did not rely upon the statements of this prospectus, nor any other prospectus, but examined the books and records of the Claremont hotel; took an adding machine tape representing room income and expenses; was furnished at his request with the figures showing net income for 1950 after deduction of allowances; was later furnished with an accurate monthly analysis of net room income without allowances, for the period from July, 1945, to March, 1951, inclusive; was furnished with such additional information as he requested; that there were no false entries on the books, and that appellant relied on his own investigation.

■ ■ After having the parties before him for several days and listening to their testimony and that of their respective witnesses, the court chose to believe respondent's evidence. The trial court was in the best position to judge the credibility of the various witnesses and decide the weight to be attached to the testimony of each. We have examined all the testimony and exhibits bearing on this issue and cannot say that the evidence preponderates against the findings to which error was adequately assigned. Accordingly, we must accept them as established facts of the case. See *Peterson v. Schoonover,* 42 Wn. (2d) 621, 257 P. (2d) 209.

Appellant cites the cases of *Cunningham v. Studio Theatre,* 38 Wn. (2d) 417, 229 P. (2d) 890, and *Rummer v.*

*Throop,* 38 Wn. (2d) 624, 231 P. (2d) 313, as authority for his contention that he was justified in relying on certain alleged representations as to net income of the Claremont hotel. In each of these cases the trier of facts had found existing misrepresentations of material facts made in such a manner as to discourage a full investigation, and also the representee in each case had had less business experience than the representor or had an inferior means of obtaining knowledge.

The present case is quite different. Here we have two experienced hotel owners and operators dealing at arms length. Each had, over a period of several years, bought, sold, and operated apartments and hotels of considerable value. Appellant was not discouraged by any act of respondent from making such investigation of the business and physical condition of the Claremont hotel as he deemed necessary.

The following quotation from *Sims v. Robison,* 142 Wash. 555, 253 Pac. 788 (quoted with approval in *Marion v. Grand Coulee Dam Hotel,* 35 Wn. (2d) 589, 214 P. (2d) 204), is apt:

"True, there are cases, some of which are cited on behalf of the respondents, to the effect that a vendee may rely upon representations of the vendor, as respondent Sims says he did in this case, notwithstanding some investigation by or opportunity on the part of the vendee to ascertain the truth himself. But it will be found they are cases where the facts were peculiarly within the knowledge or means of knowledge of the vendor or his agent or for any reason the falsity of the representations were not readily ascertainable by the vendee. But this is not that kind of a case. Here the vendee was an experienced farmer. He was buying a western Washington farm. He had a good knowledge of farming in western Washington. He examined the place. It was all open to him and its condition in all respects readily and reasonably ascertainable by him. Here the purchaser, a man of experience in the business about which he was engaged, had the ability, means and opportunity to find out the truth about the matter. He made use of the opportunity and upon suggestion of the vendor made an independent examination of the property without hindrance as to the

extent of the examination, and also made inquiries about it of a disinterested person operating the adjoining farm. He resorted to the proper means of verification before he entered into the contract, thus excluding the notion of reliance on the representations made to him."

█ The second major proposition advanced by appellant is that the trial court was not warranted in finding that there was a mutual mistake of fact in omitting from the contract for the sale and purchase of the Claremont hotel the sum of $41,500 (being the agreed value of the equity in the Corbett Motel). The circumstances under which this mutual mistake was made are described in Finding XIV reading as follows:

"That defendant, Theodore J. Ticktin, is a graduate of the University of Chicago Law School and practiced law in Chicago for a number of years; that he dictated the Hermosa Biltmore contract, Exhibit 26, and the Corbett Motel contract, Exhibit 27; that he likewise dictated the last paragraph of the Claremont contract, Exhibit 10; that during the dictation of said instruments, defendant, Theodore J. Ticktin, asked plaintiff, Bill Corbett, whether or not the $41,500.00 due Corbett on said Corbett Motel contract could be added to the purchase price of the Claremont Hotel and thus increase the balance due on said Exhibit 10 by said amount; that plaintiff agreed to such amendment but due to oversight and mistake said Exhibit 10 was not so amended; that the true amount of plaintiffs' equity in said Corbett Motel was, as found in Finding IX, supra, the sum of $40,352.19, the true sum to be added to said Claremont contract."

Not only are we unable to say that the evidence preponderates against this finding and, therefore, it must be accepted by us as correct, but the contract for the sale and purchase of the Claremont hotel (which was prepared by appellant) supports it. In the last paragraph of the contract appellant itemized the valuations which made up the total selling price of $1,150,000 as follows:

"It is understood that the Purchaser in delivering the purchase price herein called for to the Seller (exclusive of pro-rations on both sides is paying therefor, and Seller is accepting same on the following basis:

```
"Land  ................................$150,000.00
 Building  .............................  500,000.00
 Furniture  ............................  200,000.00
 Equipment (including stoves, refrigerators,
    engine room equipment, etc.) ...........  150,000.00
 Rugs and carpeting  .....................  150,000.00
                                          ─────────────
                                          $1,150,000.00"
```

This clearly shows that the $41,500 equity in the Corbett Motel was excluded from the Claremont contract. The evidence shows that the parties agreed and intended that appellant was to pay this sum to respondent. Not having been mentioned by appellant in the Claremont contract prepared by him, it must have been omitted by mutual mistake. The trial court did not err in so holding.

Finding XV, relating to the seven-thousand-dollar item for the transfer of the liquor license at the Hermosa Biltmore, is no longer of any importance, because no judgment was entered with respect to this matter.

Appellant complains that there is a variance between finding XXI and the trial court's oral decision relating to the prospectus by which appellant claimed he was misled in purchasing the Claremont hotel. Assuming there is a discrepancy between them, the finding of fact is controlling. *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272, and cases cited.

What has been previously said disposes of all the errors which have been properly assigned in this case. Finding no reversible error in the record, the judgment and decree is affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and FINLEY, JJ., concur.