[No. 33227. Department Two. December 8, 1955.]

MENTOR L. GUIER, *Appellant*, v. CHARLES H. SHAW *et al.*, *Respondents.*[1]

[1]Reported in 290 P. (2d) 702.

*C. M. McCune* and *John A. Godfrey*, for appellant.

*Clarke, Clarke & Albertson* and *Acheson & Smith*, for respondents.

PER CURIAM.—This is an action to recover damages for fraud in the sale of a music machine, or juke box, route. The purchaser sued the seller, the real-estate firm through which the sale was made, and the salesman who made the alleged misrepresentations. A judgment of dismissal was entered, and the plaintiff appeals.

No question of law is presented; the issues are purely factual. There is evidence to sustain the findings made by the trial court and those findings sustain the judgment. The case will therefore be disposed of by a *per curiam* opinion. See *Amick v. Flash* (1952), 41 Wn. (2d) 666, 251 P. (2d) 172; *Dailey v. Albeck* (1952), 41 Wn. (2d) 945, 249 P. (2d) 234.

The misrepresentation upon which the plaintiff places his principal reliance is that the machines which he was purchasing were late models. The trial court found that the salesman had represented to the plaintiff that all except two of the forty-one music machines included in the sale were late models. The court made no specific finding as to the truth or falsity of that representation, but we shall assume that it was false and that only two or three of the machines were late models.

The trial court concluded that, as to this false representation, the plaintiff had failed to establish two of the essential elements of fraud, *i.e.*, that the plaintiff relied upon the truth thereof and that he had a right to rely thereon. (For recent statements re the elements of fraud, see *Marion v. Grand Coulee Dam Hotel* (1950), 35 Wn. (2d) 589, 592, 214 P. (2d) 204; *Salter v. Heiser* (1950), 36 Wn. (2d) 536, 549, 219 P. (2d) 574; *Peoples Nat. Bank v. Brown* (1950), 37 Wn. (2d) 49, 60, 221 P. (2d) 530; *Graff v. Geisel* (1951), 39 Wn. (2d) 131, 141, 234 P. (2d) 884.)

■ As was pointed out in *Michaelson v. Hopkins* (1951), 38 Wn. (2d) 256, 258, 228 P. (2d) 759, reliance is largely a subjective matter. The trial court did not have to believe the plaintiff. It found the ultimate fact to be that the plaintiff did not purchase the juke box route because of the representation that the machines were late models. We are satisfied that the trial court here, as in the *Michaelson* case, was justified in finding or concluding that the plaintiff did not rely upon the representation made; that, in other words, plaintiff failed to establish one of the essential elements of fraud by evidence that was clear, cogent, and convincing.

If the plaintiff did not rely upon the representation that the machines were late models, it is unnecessary to inquire as to whether he had a right to rely upon that representation.

Other representations were claimed by the plaintiff to be false, but the trial court found that "The other alleged false representations set forth in plaintiff's amended complaint are not sustained by the evidence." We agree with the trial court, and only one of those alleged misrepresentations merits any comment, *i.e.*, that the operation of the route required only three and one-half days a week. The plaintiff testified that it took him much more time than that to take care of the route; but he did not establish that it took the seller more than the time represented. The trial court was justified in believing that the route had been serviced in three and one-half days a week, and that there was no misrepresentation on that point.

■ The sum and substance of the whole matter is: The trial court concluded that the plaintiff failed to establish any false representations except as to the number of late model machines, and failed to establish that he had relied upon that representation in purchasing the juke box route. We are unable to say that the evidence preponderates against the trial court's findings and compels a different conclusion.

Judgment affirmed.