[No. 32505.   Department One.   October 19, 1953.]

HAROLD E. ALLEN et al., Respondents, v. EDWIN MICKELSON
et al., Appellants.[1]

Greenwood & Shiers, for appellants.

J. W. Graham, for respondents.

[1]Reported in 262 P. (2d) 179.

OLSON, J.—Defendants have appealed from a judgment, in an action for trespass, awarding treble damages for the cutting of timber on two tracts of land.

Defendants challenge the trial court's findings of fact upon which plaintiffs base their right to maintain this action for the trespass on one of the tracts, which contains twenty acres. These findings were that plaintiffs purchased this land on April 9, 1949, on which date they made a payment to their vendor; that some work was performed upon the premises by plaintiffs as a result of a trespass by defendants, and final possession of the property was taken by plaintiffs on or about September 8, 1949, when the balance of the purchase price was paid; and that, subsequent to the time when the initial payment was made by plaintiffs and during the same month, defendants cut and removed timber from the tract.

From the findings of fact, it is apparent that plaintiffs did not have title to the twenty-acre tract when the trespass was committed. At that time, they were not in possession of the property. Their vendor testified that she vacated the property in accordance with the terms of her deed to plaintiffs, which was dated September 8, 1949, and provided: "Possession to be delivered to the grantees on or before the 15th day of September, 1949."

Whatever right plaintiffs may have had to possession of the tract when the trespass occurred, must have arisen from the making of the payment to their vendor on April 9, 1949. The document or receipt from the seller is not in evidence. From its description, it might be said to be an earnest-money receipt, providing for delivery of the deed on September 8, 1949. We cannot determine its nature or terms. It was not an executory contract for a deed, which would bring plaintiffs within the rule permitting a purchaser (who is in possession under such a contract) to maintain an action for trespass. See *Lawson v. Helmich*, 20 Wn. (2d) 167, 170 *et seq.*, 146 P. (2d) 537, 151 A. L. R. 930 (1944), and cases cited.

We need not decide the minimum essentials of plaintiffs' proof to sustain their right to maintain an action of this

kind. Having failed to sustain the burden of proof on any of the following disputed issues, that is, their title, possession, or right to possession of the twenty-acre tract when the trespass occurred, plaintiffs certainly cannot maintain an action for trespass upon it.

The only question regarding the trespass upon the other tract, which contained forty acres, pertains to the assessment of treble damages. This trespass occurred in 1950 and 1951. The trial court found that it was not "casual, involuntary or excusable, the defendants being fully aware of the location of the property line of plaintiffs."

■■ The evidence does not preponderate against this finding, and we will not disturb it. It supports the conclusion that the damages should be trebled. RCW 64.12.030, 64.12.040 [cf. Rem. Rev. Stat., §§ 939, 940]; *Mullally v. Parks*, 29 Wn. (2d) 899, 909, 190 P. (2d) 107 (1948); *Ross v. Norton*, 36 Wn. (2d) 835, 844, 221 P. (2d) 476 (1950), and cases cited.

The judgment for the trespass upon the twenty-acre tract is reversed, and the judgment for the trespass upon the forty-acre tract is affirmed. Neither party will recover costs on this appeal.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.