[No. 32943. Department Two. November 18, 1954.]

STIMSON MILL COMPANY, *Appellant*, v. ANACORTES VENEER, INC., *Respondent.*[1]

*Bayley, Fite, Westberg, Madden & Goodin*, for appellant.

*John N. Cheney*, for respondent.

DONWORTH, J.—Plaintiff corporation, the purchaser of five rafts of logs from defendant corporation, instituted this action to recover approximately ten thousand eight hundred dollars claimed to be due for an alleged breach of warranty as to the quantity and quality of logs in each raft.

The trial court made findings of fact substantially to the effect that defendant had made no warranties as to the quantity or quality of the logs, that plaintiff did not rely on any warranties, and that plaintiff would have had no right to rely on any such warranties even if any warranties had been made. The court further found that, assuming any such warranties had been made by defendant, plaintiff had not proven that any damages had resulted from a breach thereof, and that the amount of such damages was impossible of computation.

[1] Reported in 276 P. (2d) 590.

Plaintiff appeals from the judgment of dismissal entered on the findings of fact and conclusions of law, making twenty-one assignments of error, fifteen of them directed to findings of fact made or rejected by the trial court.

Briefly stated, this suit arose out of the following transaction:

In November, 1952, appellant's log buyer and a representative of respondent had a telephone conversation, in which the latter stated that respondent had three rafts of logs for sale. The quantity, quality, and footage of each raft was given to appellant's buyer over the telephone. The log buyer then inspected these rafts, and appellant agreed to purchase them. Respondent thereupon mailed appellant three invoices containing a statement of the quantity, quality, and price per thousand board feet of the logs in each raft. The information as to the quantity and quality was the same as that given to the log buyer on the telephone. It was obtained by respondent from the scale of the rafts made by the Puget Sound Log Scaling and Grading Bureau, an independent organization engaged in that business (herein called the scaling bureau).

Respondent had used this scale in computing the amount payable to the U. S. forest service for the purchase of this same timber under its stumpage contract. In other words, these same logs were placed in these same rafts and scaled by the scaling bureau to determine the price that respondent paid the forestry service for them. After receiving the invoices from respondent, appellant paid for the three rafts on the basis of the invoices presented.

In December, 1952, two more rafts were purchased and paid for by appellant in the same manner.

During February, 1953, appellant had another scale of the five rafts made by the scaling bureau. This scale showed the same number of logs in two rafts and a slightly less number in the other three rafts. However, the new scale indicated a substantially lesser number of board foot content and a larger amount of the lower grades of timber. Appellant demanded repayment of $10,816.80 from respond-

ent, claiming that was the amount of the overpayment, based upon the second scale of the five rafts. The demand being refused by respondent, the present litigation resulted.

To prevail on this appeal, appellant must first of all successfully challenge finding of fact No. XI, in which the court found that no warranties were made, and finding of fact No. IX, in which it was found that appellant did not rely on any alleged warranties as to the contents of the five rafts.

■ The rule in such appeals as this is, of course, that this court will accept the trial court's findings as the facts of the case unless we discover on examination of the record that the evidence preponderates against its findings. *Allen v. Mickelson*, 43 Wn. (2d) 509, 262 P. (2d) 179.

In the case at bar the trial court's findings of fact included the following:

"VI.

"That prior to the sale of all of said five log rafts, Defendant furnished Plaintiff information derived from the Puget Sound Log Scaling and Grading Bureau scale sheets but did not set a price. Defendant's [Plaintiff's] log buyer knew said information represented the said Bureau's scale, and both Plaintiff and Defendant accepted said Bureau scales at face value and both parties regard the Bureau as a reliable organization.

"VIII.

"That Plaintiff's log buyer followed the course of previous dealing with Defendant, and visited the various booms where said rafts were stored and personally examined each of said rafts to determine the type, quality and general appearance of said rafts. That one of the duties of said log buyer was to determine to what extent logs in rafts corresponded with the scale sheets for such rafts. That such inspection also included quantity. That Plaintiff's log buyer had an ample opportunity to make a thorough inspection. That said log buyer was an experienced buyer, but not a scaler. That Plaintiff's and Defendant's representatives were equally experienced.

"IX.

"That after said inspections Plaintiff's log buyer reported his findings to Plaintiff, his employer, and in reliance upon the results of said inspections by their own buyer, Plaintiff agreed with Defendant to purchase said rafts at mutually

agreeable prices set at time of inspection, and Plaintiff had the rafts invoiced to themself [*sic*].

"XI.

"That there were no representations by Defendant to Plaintiff that were justifiably relied upon as inducements to the transaction, nor would the buyer have been justified in relying on any statements that are asserted to have been made because seller and buyer were equally well informed."

We have scrutinized the entire record with care, and we cannot say that the evidence preponderates against any of the above quoted findings in any material respect. It is true that appellant has pointed out certain minor inaccuracies in some of the findings of fact, but the decisive findings set out above are substantially correct and must be accepted by us as the controlling facts in this case.

Since we have determined that the evidence does not preponderate against the trial court's findings, no useful purpose would be served by setting out in detail other facts relating to this transaction.

It should be understood that we are not holding in this case that under no circumstances can a seller of logs be held for breach of warranty when the seller merely passes on to the buyer information obtained as the result of a scale of logs made by an independent scaler. If the buyer demands and receives, or if the seller voluntarily gives, a warranty that a certain raft of logs contains the quantity and quality of logs set out in a scaling bureau's report, of course an entirely different legal question would be presented.

In the present case, we hold that the trial court did not err in finding that appellant failed to prove that respondent either expressly or impliedly warranted that the scaling bureau's original scale was accurate and that it likewise failed to prove any justifiable reliance by appellant on that scale.

The judgment of dismissal must be, and is, affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.