[No. 32866.   Department Two.   December 3, 1954.]

PAXPORT MILLS, INC., *Appellant*, v. CLARENCE STOHR *et al.*, *Respondents*.[1]

*Neal, Bonneville & Hughes*, for appellant.

*Glenn E. Correa*, for respondents.

DONWORTH, J.—Plaintiff seeks in this action to rescind a contract by which it purchased from defendants the timber growing upon an eighty-acre tract of land in a rather inaccessible area of Mason county.

The basis of the suit is the claim by plaintiff that defendants pointed out to plaintiff's timber buyer a blazed line of trees as the south boundary of the tract, and that plaintiff purchased the timber relying on the blazed line as representing the true south boundary. Plaintiff further asserts that the true south boundary of the tract was, in fact, one hundred forty-nine feet north of the line pointed out by defendants as the south boundary.

Defendants, who bought the property at a county tax-title sale less than three weeks before selling the timber to

[1] Reported in 277 P. (2d) 332.

plaintiff, denied having pointed out the blazed line of trees as the true south boundary. On the contrary, defendants, partners in a Christmas tree farming operation, asserted that plaintiff's timber buyer located the blazed line of trees himself, and told defendants that this line of blazes undoubtedly was the south boundary of the tract. Defendants testified they told plaintiff's timber buyer that he would have to locate the boundary lines of the tract himself, and that he promised to do so.

The trial court believed defendants' version of the facts, and disbelieved plaintiff's version. In two memorandum opinions, one written after the close of the case and a second one after granting plaintiff's motion to reopen for additional testimony, the trial court held for defendants and against plaintiff. Thereafter, findings of fact and conclusions of law favorable to defendants were entered, followed by a judgment of dismissal entered after denying plaintiff's motion for a new trial. Plaintiff prosecutes this appeal from the judgment of dismissal, making seven assignments of error, three of them directed to findings of fact made or refused by the trial court.

Appellant's argument on this appeal is based upon the proposition that the trial court erred in entering findings of fact for respondents. Appellant concedes that under our decisions the trial court's findings will not be disturbed on appeal unless the evidence preponderates against them, but urges most strongly that the evidence overwhelmingly preponderates against the trial court's finding of fact No. IV, in which the court found that respondents had not, prior to the execution of the timber contract, pointed out any blazed line of trees to appellant's timber buyer as the south boundary of the tract. In support of that position, appellant points to the testimony of two impartial witnesses as conclusive evidence that defendants did point out the blazed line as the tract's southern boundary. Neither of these witnesses was present at the time the transaction took place, however, and the gist of their testimony was to the effect that they heard respondent Stohr say at a later date, after the dispute over

the line arose, that he believed the blazed line was the south boundary.

Conceding that respondent Stohr said later that he believed the blazed line to be the south boundary line, that fact would not warrant this court in overturning finding No. IV and in finding that he had pointed out that line and represented it to be the true boundary, prior to the execution of the timber contract. Stohr testified that when he and Sell, the timber buyer for appellant, first visited the property (before the contract was signed) and found the blazed line, Sell observed that it must be the south boundary line. At that time he (Stohr) thought it was the boundary line, but he told Sell he would have to "run the lines himself" around the tract, Stohr testified.

Essentially, the determination of the principal issue in this case depends upon the credibility of the witnesses who were present when the timber was first shown to Sell. Their testimony is in direct conflict. The trial court believed respondents Stohr and Peste, who testified that the line of blazed trees was not pointed out to Sell as the true south boundary of the tract, and disbelieved Sell, who testified that respondents did point out the blazed line as the true south boundary and induced him to rely on it instead of checking the boundaries himself.

■■ This court is governed on this appeal by the rule that the trial court is better qualified to judge the weight to be given to conflicting testimony than is this court. Consequently, the trial court's findings of fact entered upon conflicting testimony will be accepted as the facts of the case unless we can say that the evidence preponderates against such findings. *McDonald v. Wockner,* 44 Wn. (2d) 261, 267 P. (2d) 97; *Corbett v. Ticktin,* 43 Wn. (2d) 248, 260 P. (2d) 895. After reading some three hundred pages of testimony and examining the various exhibits in this case, we cannot say that the evidence preponderates against the findings of fact. Consequently, since the respondents did not point out a false boundary line to appellant prior to the execution of the timber contract, appellant cannot recover.

Appellant refers to our recent decision in *Darnell v. Noel*, 34 Wn. (2d) 428, 208 P. (2d) 1194 (and cases cited therein), where we held that the owner of certain residential property in Yakima was liable for erroneously pointing out the boundaries of his property to a prospective purchaser, even though he acted honestly and without intent to deceive. Concerning such decisions, appellant argues in its reply brief:

"Under these cases the appellant had the burden of proving: 1) that the respondent Stohr pointed out the line of blazed trees as the true south boundary, and 2) that the line of blazed trees was false or not the true or correct south boundary. There was no burden on appellant of proving the true south line and the appellant established the second element by proving that the line of blazed trees intersected the easterly boundary line of the tract approximately 149 feet south of the 16th corner or the southeast corner of the quarter established by the engineer Walker. (St. 104, 105, 111 and 112) This certainly proved the fact that the line of blazed trees was false and not the true and correct south boundary. . . ."

Since we have held that appellant failed to sustain its burden of proving the first proposition above stated, we need not discuss the *Darnell* case in detail. We do point out, however, that the *Darnell* case does not hold, either specifically or inferentially, that the buyer has a right to rely on an erroneous representation as to the location of a boundary as pointed out to him, when he knows, or should know, that the seller was not aware of the true location of the boundaries.

In the case at bar, there is an additional reason for denying appellant rescission, even if appellant had established by a preponderance of the evidence that respondents had, prior to the execution of the contract, pointed out an incorrect line as the south boundary of the tract. This reason is that appellant's testimony clearly establishes that appellant had no right to rely on any boundary line pointed out by respondents. Sell, the timber buyer for appellant, knew by his own admission (accepting his version of the facts as

true) that the south boundary line had been established by a method which he considered inaccurate and unreliable.

Sell testified that in order to run a true boundary line in a timbered area it is necessary to "have a licensed engineer, a transit and a chain." Yet, he admitted that he knew that respondents did not have "a licensed engineer, a transit and a chain" when they established the south boundary line of the tract. On the contrary, Sell's testimony indicated that he did not know exactly how respondents did establish the south boundary line, whether by pacing the distance and using a compass, or by using a surveyor's chain and compass. He testified that he thought that respondents personally established the south boundary line by using a chain and compass. Sell also admitted that respondents had told him that they had made an error (of sixty feet, according to respondents' testimony) in trying to establish the *north* boundary line of the eighty-acre tract, using only a compass and a surveyor's chain. Sell, himself, had had the experience of being "off" two hundred feet in attempting to pace a quarter of a mile with a compass.

In such circumstances, where he knew that the line pointed out as the southern boundary had been established by a method he considered inaccurate, and where he had actual knowledge that another boundary line established by respondents in the same manner had been incorrect, Sell had no right to rely on the blazed line of trees as the south boundary of the tract of timber, even if respondents had pointed it out as the true boundary.

Summarizing, we hold that the evidence does not preponderate against the trial court's finding that no south boundary line was pointed out by respondents to appellant's timber buyer prior to the execution of the timber contract. We further hold that appellant would have had no right to rely on any boundary line established in the manner in which appellant knew that the line involved in this case was established.

The judgment is therefore affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.