[No. 33623. Department One. April 11, 1957.]

D. O. BROOKS, *Respondent*, v. WILLARD M. WARNER *et al.*, *Appellants*.[1]

*Scott, Langhorne & McGavick*, for appellants.

*Hodge, Mann & Peterson*, for respondent.

DONWORTH, J.—This action was brought by one joint adventurer against another to recover an amount equal to half of the losses sustained by the venture, plus a small loan and other funds advanced to the defendant against anticipated profits. Defendant appeals from a judgment in favor of plaintiff.

[1]Reported in 309 P. (2d) 757.

Respondent, at all times here involved, was a painting contractor doing business in Tacoma as the Reliance Painting Company. Appellant Willard M. Warner (hereinafter referred to as appellant) was an experienced painter who lacked the capital and equipment necessary to undertake large jobs by himself. In the early part of 1951, the two parties decided to associate themselves for the purpose of contracting to paint bridges and similar structures. With this in mind, they entered the following written agreement:

"To Whom It May Concern:

"As of the 1st day of May, 1951, D. O. Brooks of the Reliance Painting Company, hereafter referred to as the party of the 1st part and Willard Warner, hereafter referred to as the party of the 2nd part have entered into a joint enterprise for their mutual benefit.

"All labor, material and overhead expense will be paid by the party of the 1st part as the Reliance Painting Company.

"Supervision of all work performed under the joint enterprise will be furnished by the party of the 2nd part.

"All equipment owned by either party will be available for the joint projects.

"After all costs have been paid both will share the proceeds equally.

"All drawings by the party of the 2nd part will by [sic] charged against his share of the proceeds with credit allowed for all receipted business expense paid by him.

"All profits or losses shall be shared equally."

Over a period of about two years, the parties contracted for and performed thirteen painting jobs. These resulted in a total loss of $3,146.78, which was borne by respondent. In addition, respondent loaned appellant $243.54 at the outset of the venture, and the latter was permitted to draw a total of $2,879.90 against anticipated profits during this period. Neither the money loaned by respondent nor that drawn by appellant was repaid. The amounts involved in this case were agreed upon by stipulation of the parties made at the trial, and are not in issue on this appeal.

Appellant's assignments of error are directed to three of the findings of fact made by the trial court. He challenges the court's findings that:

(1) The parties had entered into a joint venture in which losses as well as profits were to be shared equally;

(2) Appellant was not entitled to wages as an employee for work he performed on a project at Richland, Washington; and

(3) Two contracts (jobs 1003 and 1004) to paint bridges for the city of Tacoma, which resulted in a loss of $9,900.23, were entered into pursuant to the joint venture and not by respondent alone.

In examining the evidence on these issues, we must bear in mind the often-announced rule that the findings of fact of the trial court will not be disturbed unless the evidence clearly preponderates against them.

Appellant testified at the trial that the last paragraph of the parties' written agreement, providing that "All profits or losses shall be shared equally," was added without his knowledge or consent after he had signed the agreement. He urges that the parties intended nothing more than an employment contract in which he was to be compensated with half of the profits, if any, and was to risk only his time and the wages he could have earned elsewhere.

Respondent and John Burr, an accountant who kept the books during the life of the venture, testified that the disputed paragraph, although written later than the main body of the document, was extant at the time appellant signed. In addition, respondent produced evidence showing that appellant had never denied liability when billed for losses; had complained to a third person about the money he was losing; and had, on January 29, 1954, signed (after this dispute arose) an agreement by which the two parties authorized William F. Huntsman, a certified public accountant, to audit the books. The contract read in part:

"The parties of the first and second parts [appellant and respondent] agree to employ the services of the party of the third part [Mr. Huntsman] to investigate available accounting records concerning the joint venture of the parties of the first and second part, namely, Job Numbers from 1000 to 1013, inclusive."

The city of Tacoma jobs, which appellant claims were not included in the joint venture but undertaken by respondent alone, were numbered 1003 and 1004.

 The trial court, which had the opportunity to observe the witnesses, chose to believe respondent's evidence and found that the parties had agreed to share losses as well as profits. We are governed on appeal by the rule that the trial court is better qualified to judge the weight to be given to conflicting testimony than this court. Consequently, the trial court's findings of fact, entered upon conflicting testimony, will be accepted as the facts of the case, unless we can say that the evidence preponderates against such findings. *Paxport Mills v. Stohr*, 45 Wn. (2d) 667, 277 P. (2d) 332 (1954); *Stimson Mill Co. v. Anacortes Veneer*, 45 Wn. (2d) 561, 276 P. (2d) 590 (1954); *Corbett v. Ticktin*, 43 Wn. (2d) 248, 260 P. (2d) 895 (1953). In the case at bar, we cannot say that the evidence preponderates against the trial court's finding as to the nature of the agreement intended by the parties.

 The rule in this state is that two parties who agreed to share profits are presumed to have agreed to share losses as well. *Stipcich v. Marinovich,* 13 Wn. (2d) 155, 124 P. (2d) 215 (1942). The presumption is rebuttable and will not prevail once substantial evidence to the contrary has been introduced. (See *Kay v. Occidental Life Ins. Co.*, 28 Wn. (2d) 300, 183 P. (2d) 181 (1947), and cases there cited.)

Appellant urges that the trial court erroneously treated this presumption as conclusive, and that its finding that appellant agreed to share losses should therefore be reversed. He bases his contention on the following language from the court's oral opinion:

"Now, it is the position of the defendant in regard to this sharing of losses that when he signed this contract, that provision, the last provision was not in, not included. In other words, the statement that, 'All profits or losses shall be shared equally.'

"Well, it seems to the Court that whether that was in there or not that Mr. Warner can hardly escape legal liability. . . .

"The Court is of the opinion that the law in this State is that there is presumption, that if a party in this situation shares a profit that he is also to share the losses. . . ."

■ These excerpts do not, however, show that the court regarded the presumption as irrefutable; there is no indication that its statement that appellant "can hardly escape legal liability" was based upon its reference to the presumption, which was made a full page later in the opinion after discussion of other aspects of the case. As we read the oral opinion, the court meant that, under the evidence, appellant's conduct showed that the parties had intended to share losses regardless of the quoted provision in the written contract. Earlier in its opinion, the court stated that ". . . *in view of this overwhelming testimony* the Court must find that there was a joint venture . . ." This statement clearly shows that the finding was grounded upon the evidence rather than upon the presumption.

Appellant, in his reply brief, cites *Eder v. Reddick*, 46 Wn. (2d) 41, 278 P. (2d) 361 (1955), where we said:

"Whether a partnership contract has come into existence depends, as in the case of other contracts, on the intention of the parties, this intention to be manifested by the conduct, statements, and writings of the parties. . . . As in other cases, however, circumstantial evidence does not tend to prove the existence of a partnership, unless it is inconsistent with any other theory. For the most part, the facts are to be gleaned from the acts and conduct of the parties, rather than from the spoken word."

■ In the case at bar, the trial court applied this principle, and respondent maintained his burden of proof by introducing persuasive evidence of the conduct of the parties, as well as of their written agreement.

The painting job at Richland, for which appellant claims wages as an employee, was undertaken by the parties as sub-sub-contractors to the United States government. Appellant worked as a foreman and was carried on the payroll at the rate of five dollars per hour. He testified that after the job was finished he received an income tax withholding statement showing that he had earned one thousand two

dollars. The Richland contract was the only one the parties entered into on a cost-plus basis. (Actually, there was a maximum limit of seven thousand dollars, so that it was not the usual cost-plus contract.) Respondent testified that appellant was carried on the payroll only because there was no other way, under the cost-plus arrangement, to include his services in the contract price, and that he was to be compensated in the usual way; that is, with one-half of the profits of the joint venture, if any. Here again, the evidence was conflicting, and the trial court chose to believe respondent's testimony rather than appellant's. We can discover no basis for disturbing its finding of fact. *Paxport Mills v. Stohr, supra.*

We turn to the final factual question, which is whether the two financially disastrous city of Tacoma projects (jobs 1003 and 1004) were entered into pursuant to the joint venture. The trial court's finding that they were so entered into is included by implication in its finding of fact No. 4, which recites that, pursuant to their agreement, the parties "obtained and performed a series of contracts for such painting which resulted in a net loss in the sum of $3,-146.78." Under the stipulated audit, this loss included the two Tacoma projects. Since appellant has not assigned error to this finding, the issue is not properly before us on appeal. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. However, we have examined the evidence on this issue and have determined that it amply supports the finding.

After reading some four hundred pages of testimony and examining the exhibits in this case, we cannot say that the evidence preponderates against any of the trial court's findings of fact. It follows that appellant's other assignments of error, all of which relate to conclusions of law based on the findings, are without merit.

The judgment is affirmed.

SCHWELLENBACH, FINLEY, ROSELLINI, and FOSTER, JJ., concur.