[No. 18916.  Department One.  May 28, 1925.]

MARY BICKFORD, *Respondent*, v. EDWARD UTHE *et al.,*
*Appellants.*[1]

FRAUD (6) — RELIANCE ON REPRESENTATIONS — EVIDENCE — SUF-
FICIENCY. Whether plaintiff relied upon false representations induc-
ing a sale of land, made to plaintiff's son and daughter, who visited
the land, is for the jury, where she made no inspection herself and
she and her son and daughter testified that they relied thereon.

SAME (7)—RELIANCE ON REPRESENTATIONS—MEANS OF KNOWLEDGE
—EVIDENCE—SUFFICIENCY. The purchaser of an orchard has a right
to rely on representations that there were no killing frosts in the
locality, where, in a large portion of the county, there was seldom,
if ever, any killing frosts, in some places there was quite likely to
be, and she had a general knowledge of the conditions in the
county, but no particular knowledge of conditions in the locality.

SAME (26)—MEASURE OF DAMAGES—INSTRUCTIONS. Upon an issue
as to the damages through false representations inducing the pur-
chase of a fruit orchard, it is not error to refuse an instruction re-
quiring plaintiff to offset receipts from the orchard, where there
was no proof that the receipts exceeded the cost of producing and
marketing the crop, or that there had been any profit.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered April 14, 1924,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for fraud. Affirmed.

*Holden, Shumate & Cheney,* for appellants.
*Snively & Bounds,* for respondent.

BRIDGES, J.—The plaintiff and defendants entered
into a written contract by the terms of which the
former agreed to purchase of the latter a ten-acre or-
chard in the general vicinity of the city of Yakima.
The plaintiff operated the place for about two years,
when she got behind in her payments and the contract,
apparently by mutual consent, was terminated and

[1]Reported in 236 Pac. 276.

possession surrendered to the defendants. Meanwhile she had paid on the purchase price and otherwise a little less than $3,000. After the termination of the contract, the plaintiff brought this suit for damages because of alleged misrepresentations of the defendants inducing the sale, and upon which she alleges she relied. It is claimed that it was represented that the land was free from killing frosts and that the soil had no adobe and that the orchard was a commercial one of great value. It is alleged that these representations were untrue. The defendants denied the charge of misrepresentation and counterclaimed in damages to the extent of $2,500, because the plaintiff had not taken care of the orchard as her contract required, and that as a result thereof it had been damaged in the sum mentioned. It also appears that the contract covered the purchase of a horse, cow and a small amount of other personal property. This personal property has not been surrendered back to the defendants. The cause was tried before a jury, which brought in a verdict for the plaintiff in the sum of $430.93, and judgment was entered thereon.

The appellant first contends that the respondent did not rely upon any of the alleged misrepresentations. It appears that she had, for a number of years, lived in the Yakima country and had considerable knowledge of fruit lands and the growing of fruit in that general locality. But she did not live near the land in question and had very little knowledge of this particular land. In making the deal she relied very largely upon her son and daughter, who also lived in the vicinity of Yakima and had considerable knowledge concerning the fruit growing business there. The plaintiff and her son and daughter visited the orchard sometime in February when there were several inches of snow on

the ground. This visitation was in company with a real estate agent with whom the defendants had listed the land for sale. There was testimony to the effect that this agent represented to the son and daughter that the orchard was free of killing frosts and adobe and that it was a commercial orchard, and that plaintiff would be able to make enough money out of it to keep up her payments. The son and daughter walked over the land and saw the orchard, but on account of the snow were unable to tell a great deal about the character of the soil. The plaintiff did not make any personal effort to examine the orchard. On another day the son and daughter again visited the land and met the appellants, who, according to their testimony, made the same representations that they testified the real estate agent had made. All of these representations were communicated by the son and daughter to the respondent. The son and daughter testified that they relied on the representations made to them, and the respondent says she relied on what was told her by her children. Under these circumstances, it cannot be said that the trial court erred in submitting to the jury the question whether the respondent relied on the representations.

Appellant next contends that the respondent had no right to rely upon the representations alleged to have been made. The testimony tends to show that in a large portion of this fruit country seldom, if ever, is there any killing frost, but that in some places there is quite likely to be a frost which will kill budding fruit. There was plenty of evidence upon which the jury might decide that while the respondent and her son and daughter had a general knowledge of the conditions in Yakima county, they did not have any particular knowledge concerning the conditions in the locality

where this land was. Under these circumstances, it is clear to us that the respondent had a right to rely upon the representations alleged to have been made by the appellants.

What we have said about frost is applicable, in a general way, to the adobe soil in the Yakima valley.

There was a great deal of testimony to the effect that this particular orchard was in a bad frost belt or pocket and that it had never been a success, and could not be made a commercial orchard because of the frost and the adobe soil.

The court instructed the jury that if they found for the respondent her measure of damage "would consist of the amount paid by her upon the purchase price for said land, together with all moneys which she had paid out in good faith on account of said contract." He also instructed that if the jury found that the respondent had violated her contract concerning the upkeep of the orchard and that the appellants had been damaged in that respect, then the one damage should be off-set against the other and if any balance remained in favor of either party, the verdict should be for that balance. The instruction also covered the personal property.

The complaint against this instruction is that it failed to take into consideration any moneys which the respondent received from the operation of the orchard during the two years she was in possession. There is testimony tending to show that, during the first year, the orchard yielded a considerable crop and that the respondent sold it and obtained thereby certain moneys. There is no testimony, however, to show the amount she received. There was testimony also to the effect that, during the second year, there was a bad frost and as a result the crop of that year was very small and not worth picking. We may assume for the

purpose of this case that, under proper circumstances, it would be the duty of the court to require the jury to take into consideration any sums which the respondent might have received from the place. But we think such an instruction would have been erroneous here, because, while there is a small amount of very indefinite testimony as to the value of the fruit she took from the place, there is nothing that we can find showing the cost to the respondent of producing and marketing the fruit. In no event would respondent be required to account for more than the difference between the amount she received from the sale of the fruit and the amount it had cost her to raise it. In other words, there is nothing in the testimony to show that the respondent made any profit, or that it did not cost her as much or more to raise the fruit than she got out of it. For the reasons given, the court properly refused to instruct on this feature of the case.

One or two other matters are referred to in appellant's brief, but we consider them without merit. The judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.