[No. 31705.   Department One.   November 8, 1951.]

A. O. BRYANT et al., Respondents, v. VERN COLE REALTY
COMPANY et al., Appellants.[1]

[1]Reported in 237 P. (2d) 487.

*Rummens, Griffin & Short* and *Paul R. Cressman*, for appellants.

*Wright, Innis, Simon & Todd*, for respondents.

GRADY, J.—This action, in so far as the appeal is concerned, was commenced by respondents against appellants, Vern Cole Realty Co., a corporation, and Roy Staley, its agent, to recover damages arising out of a sale and purchase of a tract of real estate. A money judgment was entered against appellants.

The owner of a tract of land listed it with Vern Cole Realty Co. so that a purchaser therefor might be found. There was a Foster & Kleiser Company advertising sign on or near the south line of the listed property, to which the realty company attached one of its "for sale" signs. The respondents saw this sign. They called upon appellants and made inquiry about a purchase of the property. Staley told them the north boundary of the land that was for sale was a few feet north of the Foster & Kleiser sign, and had a frontage on Aurora avenue of 166 feet. Respondents acted on the information given and inspected the property so identified. Negotiations with appellants resulted in the making of a contract to purchase the property listed. A subsequent survey showed the property listed and purchased to be a tract having a 166 foot frontage on Aurora avenue, but extending north from the advertising sign instead of south as represented. The sign was located approximately on the southern boundary line of the land listed and sold instead of as represented by Staley. There was a substantial difference in value between the land sold and the land represented by Staley as being the tract for sale.

The assignments of error are to the effect (1) that the court should have sustained an objection appellants made to certain testimony, or in the alternative should have granted their motion to strike such testimony; (2) that the court erred in denying a motion of appellants to dismiss the action at the close of respondents' case, and should not have reopened the case after both parties had rested to permit further proof of the location of the property; and (3) in not

holding that the respondents failed to prove such necessary elements of fraud as (a) the falsity of the representation as to the location of the property; (b) the intent of appellants that respondents rely on their representations; (c) the right of respondents to rely thereon; and (d) the fact that they did so rely.

When respondent Bryant testified on redirect examination, he stated that Staley pointed out the property as shown by a plat book and told him that he had been out to the property at a former date; that he had chained from the center of the street at 128th avenue up to the property and that the north line was within five or six feet of the sign; also that the 166 feet he measured was up to the edge of a vegetable growth, which would be the south boundary, and that this growth continued on up to the sign and five or six feet to the north boundary. The objection made to the testimony and the motion to strike it was based upon the theory that the examination was not proper redirect, and that the testimony was at variance with the pleadings in that a new and different representation from that set forth in the complaint was being brought into the case.

We find no abuse of discretion on the part of the trial court in permitting the witness to be interrogated on redirect examination with reference to what was said and done by Staley and himself. The issue before the court was whether the wrong piece of land was indicated to respondents. The testimony tended to show that such was the case, and also was material in establishing what had been said and done so that the court might determine whether respondents relied and had a right to rely upon the representations of appellants as to location of the property.

At the close of all of the testimony, the court took the case under advisement. In rendering an oral decision, the court expressed some doubt as to the sufficiency of the proof as to the north boundary line of the property represented as being the land for sale, and suggested the best evidence would be the survey that had been made. The court, of its own motion, reopened the case for the presentation of additional evidence concerning the survey and the map

which had been received in evidence. At a later date, an engineer and land surveyor testified with reference to a survey he had made. The testimony of the witness satisfied the trial judge on the subject with reference to which he was in doubt.

The appellants contend that, by the reopening of the case of the court's own motion, they were deprived of a right to a dismissal at the close of respondents' case. Appellants misjudge the modern concept of the trial of a civil action. It is no longer a game of skill dependent upon the ability to take advantage of oversights of an adversary in making proof of a fact. When the trial judge found himself in doubt as to whether the location of the boundary line and advertising sign had been established by competent evidence, it was proper for him to reopen the case and permit further proof to be made. We have considered the testimony of the engineer and are of the opinion that it supplied any missing link in the chain of evidence the trial court felt existed.

Our examination of the record convinces us that there was ample evidence from which the trial court could find the existence of the several elements of fraud to which appellants refer in their brief. The representation made by Staley as to the location of the property being purchased with reference to the Foster & Kleiser sign was untrue. The property indicated by Staley was south of the sign, and that which he was selling was to the north thereof. When Staley told respondents where the property was located, the inference is irresistible that he intended they would rely and act upon his statement as to the location of the property. A purchaser under such circumstances has a right to rely upon statements of a real-estate salesman with whom he is negotiating as to the location of property. That the respondents did rely upon the representations of Staley is made manifest by the fact that they inspected the property and entered into a contract of purchase.

We have had occasion to consider many cases where owners or their agents have pointed out the wrong property or incorrect boundaries thereof to prospective pur-

chasers. In some cases, this has been done when the parties have visited the location of the property. In other cases, the information was given and representations were made when the parties were away from the property. In either case, the parties are governed by the same rules of law. The result must be the same even though there may have been an honest mistake and no intent to deceive. These rules are set forth in *Bradford v. Adams*, 73 Wash. 17, 131 Pac. 449; *Dixon v. MacGillivray*, 29 Wn. (2d) 30, 185 P. (2d) 109; *Darnell v. Noel*, 34 Wn. (2d) 428, 208 P. (2d) 1194; and other cases cited in the opinions.

The judgment is affirmed.

MALLERY, HILL, DONWORTH, and WEAVER, JJ., concur.