[No. 42837-3-I. Division One. July 26, 1999.]

JAMES JANDA, *Appellant*, v. BRIER REALTY, ET AL., *Respondents*.

---

*Eric R. Hultman* of *Dann & Meacham*, for appellant.

*Engel E. Lee* of *Eklund Rockey Stratton, P.S.*, for respondents.

ELLINGTON, J. — Frank Young, a real estate agent with

Brier Realty, sold James Janda two parcels of real property. Janda filed a negligent misrepresentation action against Young and Brier Realty, claiming that Young underrepresented the cost of subdividing the lots. He sought the greater profit he claims he would have realized upon the sale of the properties had the cost of subdividing been as Young represented. Also, Young procured, pursuant to an exclusive listing agreement, an offer to purchase one parcel conditioned upon Janda's completion of its subdivision. Janda accepted the offer, with its conditions, but could not afford to complete the subdivision, so the sale did not close. He claims Young breached his fiduciary duty by failing to know of Janda's financial situation. Washington law does not permit the recovery of lost profits in a negligent misrepresentation action, nor does it permit recovery on a claim of breach of fiduciary duty under Janda's theory. Accordingly, we affirm the summary judgment entered in favor of Young and Brier Realty.

### Facts

James Janda engaged the services of Frank Young, an agent with Brier Realty, to help him purchase "fixer-upper" properties in the Brier, Washington area. One property Young found is referred to as the "27th Avenue West" property. A house sat on the property, and the lot was large enough to subdivide into two lots. According to Janda, Young told him that after subdividing the property, the lot on which the house sat could be sold for the same price as Janda paid for the entire lot and the newly created lot could be sold for $60,000 to $65,000. Also according to Janda, Young told him that the cost to subdivide the lot would be about $5,000.

Janda purchased the property for $133,000. Janda concedes that the property was worth $143,000, more than what he paid for it. According to Janda, the actual cost to subdivide the lot would have been $50,000, including expenses for a sewer line extension and sidewalks. As it

turned out, however, Janda did not have to pay for the sewer line extension because a nearby property owner had installed a sewer line extension to serve his own property and that line was able to serve the 27th Avenue West property as well. Janda sold the parcel on which the house sat for $140,000, and the newly created lot for $37,500. The purchaser of the new lot agreed to make all the remaining necessary improvements required for subdividing. So, Janda incurred no (or, at most, minimal) subdivision costs in connection with this property.

Young showed Janda another property, referred to as the "Allview Way property," which was also large enough to subdivide. The property was particularly attractive because a sewer line had already been installed on the property. Janda purchased the Allview Way property for $132,000. According to Janda, Young told him it would cost approximately $3,000 to subdivide this property, when in actuality the cost, in Janda's estimation, would have been $35,000. Janda never subdivided this parcel, and sold the entire property for $141,000.

One issue in this appeal concerns an offer to purchase the portion of the 27th Avenue West property on which the house sat. Janda signed an exclusive sale and listing agreement with Young and Brier Realty with respect to the 27th Avenue West property. Young received an offer to purchase the property and submitted it in writing to Janda. Janda accepted the offer. The sale was conditioned upon Janda's completion of the short plat. Janda was financially unable to complete the short plat and the sale did not close.

Janda filed a complaint against Young and Brier Realty alleging negligent misrepresentation (regarding Young's statements as to the subdivision requirements and the cost of subdividing), breach of fiduciary duty (relating to the offer to purchase part of the 27th Avenue West property), violation of RCW 18.85.230, and violation of RCW 19.86-.020. He sought lost profits, restitution of sums paid, dam-

ages for pain, suffering, and emotional distress, costs, and attorney fees.[1]

Young and Brier Realty filed a motion for summary judgment. The parties stipulated to the dismissal of Janda's claims for emotional distress damages. Janda conceded to the entry of summary judgment on his claim for violation of RCW 18.85.230 because the statute does not provide a private cause of action against a real estate agent.

Janda requested a continuance of the hearing on the defendants' motion for summary judgment pursuant to CR 56(f). He sought additional time to gather evidence as to the actual cost of subdividing the lots.

The trial court entered an order granting the defendants' motion for summary judgment, dismissing Janda's complaint with prejudice, and denying Janda's CR 56(f) motion for a continuance. On appeal, Janda does not pursue his Consumer Protection Act claim, so the issues on appeal involve only the negligent misrepresentation and breach of fiduciary duty claims, and the motion for a continuance.[2]

## Discussion

I.   Summary judgment

   A.   Standard of review

   ■ In reviewing a summary judgment, we undertake the same inquiry as the trial court, considering all facts and reasonable inferences from the facts in the light most favorable to the nonmoving party. *Suquamish Indian Tribe v. Kitsap County*, 92 Wn. App. 816, 827, 965 P.2d 636 (1998).

---

[1]Contrary to the assertions of Janda's counsel at oral argument, Janda's complaint cannot be read as containing a cause of action for intentional misrepresentation. The misrepresentation count is clearly labeled "negligent misrepresentation."

[2]We note that Janda's opening brief is devoid of citations to the record. RAP 10.3(a)(4) provides that the statement of the case section of the appellant's brief must include references to the record for each factual statement. RAP 10.3(a)(5) provides that the argument section of the appellant's brief must contain the argument in support of the issues presented, together with citations to legal authority and references to relevant parts of the record.

We will affirm a summary judgment if reasonable minds could reach only one conclusion from the admissible facts in evidence. *Id.* at 827.

B. Negligent misrepresentation

■ Washington has adopted the RESTATEMENT (SECOND) OF TORTS with regard to negligent misrepresentation. *See ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 826, 959 P.2d 651 (1998); *see also Condor Enters., Inc. v. Boise Cascade Corp.*, 71 Wn. App. 48, 52, 856 P.2d 713 (1993) (collecting Washington cases in which the RESTATEMENT has been followed with respect to the elements of negligent misrepresentation). The tort is described as:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

RESTATEMENT (SECOND) OF TORTS § 552(1) (1977).

Under the RESTATEMENT, damages for negligent misrepresentation are limited to "those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause" and include:

> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
>
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

RESTATEMENT (SECOND) OF TORTS § 552B. Recovery of damages for the benefit of the plaintiff's contract with the defendant is specifically not allowed under the RESTATEMENT. *Id.*

Assuming Young negligently misrepresented the cost to subdivide, the evidence does not establish that Janda suffered any damages that are recoverable under this provi-

sion. Janda paid $133,000 for the 27th Avenue West property. According to Janda's own declaration, the value of the property, based on a cost to subdivide of $55,000, was $143,000. Thus, there is no damage for which the RESTATE-MENT permits recovery. Moreover, Janda subdivided this property and sold both lots without incurring any of the cost of subdividing.

Similarly, Janda paid $132,000 for the Allview Way property. Janda claims the value of the property, based on a $35,000 cost to subdivide, was $162,000. He sold it for $141,000. Again, he suffered no recoverable damage. The RESTATEMENT, adopted in Washington, does not permit Janda to recover, as he seeks to do, the greater profit he claims he would have realized had Young properly represented the cost of subdividing the two properties.

Janda cites no cases in which the relevant sections of the RESTATEMENT are cited, discussed, or applied. In fact, he fails to even acknowledge that the RESTATEMENT has been adopted in Washington and accordingly governs his negligent misrepresentation claim. Instead, he relies heavily on *Tennant v. Lawton*, 26 Wn. App. 701, 615 P.2d 1305 (1980). The purchasers in that case sued the seller and the seller's agent, a real estate company, after they purchased property they thought could support a septic tank. If it could, the property would have been worth $15,100; without a septic tank, it would have been worth $6,600. The seller had made the misrepresentation and the seller's agent communicated it to the buyers.

On appeal, the court held that the buyers were entitled to $8,500 from the seller ($15,100 minus $6,600). The court agreed with the trial court's assessment of "benefit of the bargain" damages. *Tennant*, 26 Wn. App. at 703. The court did not, however, mention the RESTATEMENT sections dealing with negligent misrepresentation. In fact, it is unclear exactly what theory the case was decided under. The fact that the court upheld an award of benefit of the bargain damages strongly suggests, however, that it was not proceeding under the RESTATEMENT sections dealing with the

tort of negligent misrepresentation, since such damages are specifically not allowed under the RESTATEMENT.

As to liability of the real estate company, the court in *Tennant* found liability under an agency theory. Specifically, the court applied the rule that "the broker is liable because of material representations of the principal if he repeats them and knows, or reasonably should know, of their falsity." *Tennant*, 26 Wn. App. at 706. The court did not address the liability of the real estate company under section 552 of the RESTATEMENT and did not hold, as Janda asserts, "When an agent misrepresents the value of property, the buyer is entitled to recover the difference between the value of the property as represented and the actual value."

In light of the absence of a discussion of the RESTATEMENT sections that control the present case, we find *Tennant* unhelpful and inapplicable to Janda's negligent misrepresentation claim. We decline to ignore the numerous cases in which the courts have squarely addressed a negligent misrepresentation claim and have adopted the RESTATEMENT's characterization of the tort and the damages recoverable, and follow *Tennant* instead, a case where it is not clear that a claim for negligent misrepresentation was even involved.[3]

In sum, we find no authority to support Janda's claim that he is entitled to recover damages for lost profits in a cause of action for negligent misrepresentation. In fact, the controlling authority is directly to the contrary. Thus, even considering the facts and inferences most favorably to

---

[3]Janda cites both *Bryant v. Vern Cole Realty*, 39 Wn.2d 571, 237 P.2d 487 (1951) and *Bickford v. Uthe*, 134 Wash. 636, 236 P. 276 (1925), as standing for the proposition that a real estate agent may be held liable for the difference between the value of the land as represented and the actual value of the property. This is not a proposition for which either case can be correctly cited. In *Bryant*, the court did not discuss the actual amount or the computation of damages, so it is impossible to determine the amount for which the agent was held liable. In *Bickford*, the damages awarded were for the amount paid as the purchase price plus the amount the purchaser "had paid out in good faith on account of [the purchase and sale] contract." *Bickford*, 134 Wash. at 639. Moreover, *Bickford* did not involve a real estate agent; rather, the parties to the action were the purchaser and the sellers.

Janda, we find no error in the entry of summary judgment in favor of Young and Brier Realty on Janda's negligent misrepresentation claim.

C. Breach of fiduciary duty

On June 16, 1994, Janda and Brier Realty, through its agent Young, entered an exclusive sale and listing agreement. In the agreement Janda gave Brier Realty and Young the exclusive right to submit offers to purchase the 27th Avenue West property. The agreement specifically states that the offers to purchase were to be "subject to completion of short plat." Page two of the agreement is a listing input sheet. On that sheet, Janda represented that the property was "in short plat process." On the first page of the agreement is the clause, "Seller warrants that the property information [on page two] is correct[.]"

Young procured an offer to purchase the 27th Avenue West property and submitted it to Janda. The offer was conditioned upon the completion of the short plat, as per the listing agreement. Janda could have rejected the offer to purchase. Instead, he accepted the offer, thus entering into a contract for the sale of the property to the offeror. Because Janda was financially unable to complete the subdivision, the sale did not close. Janda argues that Young's failure to know that he could not afford to subdivide the property, and thus to close the sale, constituted a breach of Young's fiduciary duty owed to Janda.

Janda cites no authority in support of this argument, nor do we believe any exists. His citation to *Meerdink v. Krieger*, 15 Wn. App. 540, 550 P.2d 42 (1976), is not helpful. That case recites general principles regarding an agent's liability for breach of duty. It does not provide authority for Janda's assertion that Young's fiduciary duty as Janda's real estate agent included the duty to know Janda's financial wherewithal and ability to close a sale Janda himself accepted. We decline to hold Young liable for breach of fiduciary duty under this theory.

## II. Motion for continuance

Janda moved, pursuant to CR 56(f), for a continuance of the hearing on the defendants' motion for summary judgment in order to allow him time to obtain evidence as to the actual cost of subdividing the properties.

CR 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ A ruling on a CR 56(f) motion for a continuance is reviewed for manifest abuse of discretion. *Molsness v. City of Walla Walla*, 84 Wn. App. 393, 400, 928 P.2d 1108 (1996). Discretion is not abused if:

> (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.

*Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989). The record in this case reflects only that the trial court denied Janda's motion. There is nothing in the record to indicate the grounds upon which the court denied the motion.

The premise of Janda's argument is that the defendants did not raise the issue of the actual cost of subdividing the properties until their reply memorandum in support of their motion for summary judgment. This premise is faulty. The heading of one of the defendants' arguments in their initial motion for summary judgment is "Plaintiff's general claims should be dismissed because he cannot prove he has been damaged." They argued that Janda's claims must fail because "he simply cannot show that making $23,000 in profit constitutes damages." Notably, in his response in opposition to the motion for summary judgment, Janda argues that he is:

entitled to recover as damages the value of the properties as represented by Mr. Young (based on a cost to subdivide of $5,000 or less per lot), and the actual value of the properties (based on a cost to subdivide of $55,000 and $35,000).

Evidence of the actual cost to subdivide the properties was central to Janda's argument as to the damage to which he was entitled as a result of Young's alleged misrepresentations. His argument that Young and Brier Realty first raised this issue in their reply is without merit. Janda offered no good reason for the delay in obtaining evidence of the actual cost to subdivide. Accordingly, there was no abuse of discretion in the trial court's denial of Janda's CR 56(f) motion for a continuance.

## Conclusion

The court did not abuse its discretion in denying Janda's motion for a continuance under CR 56(f). Further, we find that reasonable minds could reach only one conclusion from the admissible facts in evidence—namely that Janda has not demonstrated entitlement to recover on his claims for negligent misrepresentation or breach of fiduciary duty. Accordingly, we affirm the judgment of the trial court.

AGID, A.C.J., and BECKER, J., concur.